Mr. F. S. Key, objected to parol testimony of the warrant being given, because it is matter of record. Peake, Ev. 19.

THE COURT permitted the contents of the warrant to be proved by parol, after the magistrate had sworn that he had searched every part of his house where it was probable to find it and could not; and that he believed it was lost or destroyed; that he had not seen it since the officer returned it to him.

Verdict, guilty; fined thirty dollars.

## Case No. 15,554.

### UNITED STATES v. LAMBERT.

[2 Cranch, C. C. 137.] [1]

Circuit Court, District of Columbia. April Term, 1817.

BIGAMY—EVIDENCE—BOND TO OBTAIN LICENSE—OFFICIATING CLERGYMAN—BENEFIT OF CLERGY—PEREMPTORY CHALLENGE.

1. Upon a trial for bigamy in Alexandria, D. C., the bond given by the defendant to the clerk of the court at Richmond to obtain a marriage license, cannot be given in evidence on the part of the United States.

2. The fact that the person who performed the ceremony of marriage was a clergyman authorized to celebrate the rites of matrimony according to the laws of Virginia, may be proved by parol, as any other matter of fact in pais; and the record of the testimonial required by the act of Virginia, of December 22, 1792. c. 104, § 3, need not be produced; nor a copy thereof.

3. A person convicted of bigamy in Alexandria is entitled to the benefit of clergy, and may be burnt in the hand, and required to recognize for his good behavior.

4. Upon a trial for bigamy in Alexandria, the prisoner is entitled to a peremptory challenge.

This was an indictment for bigamy. The prisoner [Joshua alias Joseph Lambert] was allowed a peremptory challenge.

E. J. Lee, for the United States, offered a certified copy of the bond given by Lambert to the clerk of the court of hustings in Richmond to obtain a marriage license.

But THE COURT (THRUSTON, Circuit Judge, absent) rejected it.

Mr. Lee offered the clergyman, the Rev. Mr. Courtney, as a witness to prove the first marriage, and parol evidence that he had been in the practice of celebrating the rites of matrimony nearly fifty years.

Mr. Mason and Mr. N. Herbert, for the defendant, objected that his testimonial to celebrate the rites of matrimony required by the act of Virginia, of December 22, 1792, c. 104, § 3, ought to be produced, as the best evidence of his authority; or a copy of it from the record.

But THE COURT decided that the fact of his being a clergyman authorized to celebrate the rites of matrimony might be proved by parol as any other matter in pais. Thus the authority of a justice of the peace may be

proved by reputation, and by the fact of his publicly acting as such, &c.

Verdict, guilty—recommended to mercy by the jury.

THE COURT decided that he was entitled to the benefit of clergy, and sentenced him to be burnt in the hand, and to recognize in 500 dollars for his good behavior for one year, and to stand committed till the costs should be paid.

## Case No. 15,555.

### UNITED STATES v. LANCASTER.

[7 Biss. 440; [1] 9 Chi. Leg. News, 307.]

Circuit Court, N. D. Illinois. May, 1877.

INSANITY—BURDEN OF PROOF—PRACTICE.

1. Upon an inquisition of insanity upon a motion for a new trial after verdict of guilty of perjury, the question is the same as if raised when the prisoner was called to plead.

[Cited in U. S. v. De Quilfeldt, 5 Fed. 279.]

2. Upon such an inquisition the question to be decided is, whether the defendant was incapable of comprehending the dangerous position in which he was placed, and of taking intelligent measures to meet it.

3. The burden of proof of insanity is upon the defendant, yet he should have the benefit of any reasonable doubt.

4. In an inquisition of insanity the counsel for the prisoner should open and close the case to the jury.

Mark Bangs, U. S. Atty.

Leonard Swett, for defendant.

BLODGETT, District Judge (charging jury). On the 14th of February last, Alvin N. Lancaster was put upon his trial in this court, on an indictment for the crime of perjury. The trial resulted in a verdict of guilty, and a motion was made for a new trial. One of the grounds of this motion was based upon the suggestion that at the time of his trial the defendant was of unsound mind, and therefore unable to properly plead to the charge or conduct his defense. This suggestion was sustained by such affidavits and other proofs as, in my estimation, made it necessary to the ends of justice that the fact should be investigated by a jury. And you have been impaneled to inquire into and pass upon the question.

There is no controverted question of law in the case, and the inquiry involves only a question of fact, of which you are the proper er and sole judges. The question is, was the prisoner, at the time of his trial, so far of unsound mind as to be incapable of comprehending the nature of the charge against him, and of properly presenting his defense? The testimony is material to be considered only so far as it tends to throw light on this question, and naturally divides itself into two classes:

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]