## SCHMITT v. LAMB.
### No. 6072.

Circuit Court of Appeals, Fifth Circuit.
April 9, 1931.

534

Gerald FitzGerald, of Clarksdale, Miss., Marcellus Green and Garner W. Green, both of Jackson, Miss., and J. L. Roberson and Sam C. Cook, Jr., both of Clarksdale, Miss. (Maynard, FitzGerald & Venable, of Clarksdale, Miss., on the brief), for appellant.

W. Calvin Wells, of Jackson, Miss., and Arvid B. Tanner, of Chicago, Ill. (Wells, Jones, Wells & Lipscomb, of Jackson, Miss., on the brief), for appellee.

Before FOSTER, Circuit Judge, and GRUBB and DAWKINS, District Judges.

DAWKINS, District Judge.

In this case the plaintiff alleged that he had been appointed receiver of certain property and funds found by final decree of the court below in suit in equity No. 129, to be impressed with a trust and lien in favor of creditors of W. P. Holland, husband of the defendant therein, Florence T. Holland; that the said original proceeding had been one in which the plaintiff, for himself and for the use and benefit of other creditors of the said W. P. Holland, had sought that relief against the wife as to the property and funds conveyed to her with the "actual and constructive intent of defrauding creditors of the husband"; that upon the filing of said original bill, all persons, including the defendant in the present proceeding, William E. Lamb, who was the attorney of said Florence T. Holland, became "charged with constructive knowledge of the rights of the plaintiff in said cause"; and that the defendant, Lamb, as well as other persons, "thereafter taking or receiving any part or portion of the said estate of the said Florence T. Holland took the same impressed with the trust aforesaid, and with knowledge of the rights of the parties aforesaid, and with the duty and obligation upon their part to return the same upon the due orders and judgment of this court and any other court of competent jurisdiction"; that the defendant Lamb, although a resident and citizen of Chicago, Ill., "was employed by the said Florence T. Holland to defend said suit aforesaid" (cause No. 129 in equity); that the said Lamb "accepted said employment and obtained, prior to the receipt of any moneys as herein set forth out of said estate, full and actual knowledge of the facts stated in said Bill of Complaint, and of the actual facts relative to the transactions mentioned and described therein"; that, notwithstanding said knowledge, he "caused the said Florence T. Holland, between the dates of August 8, 1928, and April 12, 1930, to pay him large sums of money in cash out of said estate, which said sums of money plaintiff alleges aggregated a total amount, of which plaintiff has knowledge of Seventy thousand, three hundred and eighty and 36/100 ($70,386.36) Dollars," as shown by itemized statement attached, marked Exhibit A and made a part of the petition; that the said sums were paid by the said Florence T. Holland to the said defendant, under guise of the payment to the said William E. Lamb of fees as an attorney for the defense of said suit No. 129, but plaintiff states that the said Florence T. Holland was without right at law or in equity to pay the said sums out of said funds, constituting a trust as aforesaid, and said defendant was without lawful right to accept the same, and that in accepting the same he, the said defendant, took the same impressed with said trust. Plaintiff prayed for service and for the stating of an account between him and the defendant of the sums paid "by said Florence T. Holland, and that it be determined and adjudicated that the funds so received by the said defendant are trust funds as aforesaid, and that it be further decreed that the said sums of money so found be returned to the plaintiff, to be dealt with by him in accordance with the orders and decrees of this court in said case No. 129." Exhibit A attached to the petition showed payments made to defendant beginning August 8, 1928, in the sum of $10,000 and continuing to April 12, 1930, totaling the sum alleged, to wit, $70,386.36. The petition in this case, in paragraph 3, also makes "reference to the said case (No. 129) * * * and special reference being made to the terms of said decree, whereby plaintiff was appointed and empowered by the terms of

said decree and by law to sue for and collect and receive the entire estate of Florence T. Holland, one of the defendants in said cause No. 129."

The citation of subpœna was in the usual form in equity, dated April 30, 1930, and on the same day was personally served upon defendant within the jurisdiction of the court below by the marshal thereof.

Defendant Lamb appeared and moved to quash the service "on the ground that he was then and there privileged and immune from service of any process issuing from this court in this case," for the reasons: (1) He was a citizen and resident of the state of Illinois; (2) that he was within the jurisdiction of the court below under compulsory process issued on a rule for contempt in the said suit No. 129; (3) that he was further present in said jurisdiction as attorney for W. P. Holland, in certain suits brought against him in said court, and as "attorney of record for Florence T. Holland in cause No. 129 in equity, aforesaid * * *"; (4) that he appeared in court on said 30th day of April, 1930, when the present suit was served "in answer to said citation (for contempt) following the entry of final decree in said cause No. 129; that after his appearance in response to said citation said judge entered an order continuing the hearing on said citation until June 9, 1930"; and that thereafter, while waiting to catch a train for the purpose of returning to his home in Illinois, the process in this case was served upon him at Clarksdale, in said district; (5) that at the time of the attempted service, he had no other business that "caused or required him to be in said Northern District of Mississippi, nor was he there in pursuit of pleasure or for any other cause or reason whatever than as hereinabove set forth"; and (6) "except for the matters hereinabove set forth, said William E. Lamb would not have been in the Northern District of Mississippi at the time of the attempted service of process upon him."

The court below quashed the service and dismissed the bill.

It could, of course, take cognizance of the proceedings in suit No. 129 in equity, as to which the bill in the present case was ancillary. The original bill with the exhibits attached thereto, and interrogatories addressed to the several defendants therein, filed June 23, 1928, were offered in evidence and have been brought up with the record in the case. It was alleged therein that a receiver should be appointed to take charge of the estate, both real and personal, of the defendant Florence T. Holland, and on the 6th day of January, 1929, an amended bill was filed wherein it was further asked that a receiver be appointed "to take charge and conserve the corpus of the said estate of the said Florence T. Holland, * * *" and attached thereto were additional interrogatories propounded to other persons.

The original bill in suit No. 129 was against the said Florence T. Holland and a large number of banks and other persons to have property rights, and credits, alleged to amount to several hundred thousands of dollars, decreed to belong to William P. Holland and to have them impressed with a trust and lien in favor of the creditors whose interests were represented by the plaintiff. As previously stated, both in the original and amended petitions, plaintiff alleged facts and circumstances warranting appointment and in the latter prayed for the appointment of a receiver and for an accounting.

On April 30, 1930, the lower court rendered a judgment, "the parties plaintiff and intervenor expressly agreeing thereto in open court and likewise the said Florence T. Holland are(?) agreeing to the matters and things in this decree contained, the Planters Manufacturing Company not to be prejudiced hereby or William E. Lamb, or Butler, Lamb, Foster & Pope, not to be prejudiced hereby." This decree found that William P. Holland was indebted to some fourteen banks by virtue of judgments rendered in the court below and in a state court of Mississippi, aggregating $7,612,730.84; it also stated that "the said indebtedness so evidenced by said judgments and so hereby decreed, is hereby declared to be fixed as a lien from the date of the filing of the original bill in this case, upon the entire estate of the defendant, Florence T. Holland, consisting of property, real, personal and mixed, and of every kind wheresoever situated and especially upon the property as hereinafter described, and the said estate of the said Florence T. Holland is hereby declared to be and to have been from May 1, 1920, a trust fund held in trust by the said Florence T. Holland for the benefit of the plaintiff and intervenors in this case, hereby decreed to be and to have been creditors of the said W. P. Holland." The said decree further appointed a receiver "of the entire estate of Florence T. Holland, and she, the said Florence T. Holland, and all other persons whomsoever are hereby directed and commanded to deliver to him, as such receiver, forthwith, all of the property of every kind and character by her, they, or

any of them held which said property, when so delivered to said receiver shall be subject to the further orders of this court." The said Florence T. Holland was further ordered to deliver a large quantity of stocks, notes, cash in banks, personal and real property, by specific description to the receiver. It was further provided in said decree as follows:

"Said Receiver is hereby invested with full power and authority to institute and/or prosecute in any Court of proper jurisdiction at law or in equity any suit or proceeding against any and all persons whomsoever seeking to recover possession and/or control and/or damages in connection with the rights hereby vested in him."

From what has been set forth hereinabove, it is evident that, from the inception of the suit No. 129 in equity, it was intended that the lower court should take charge of said property and the subsequent decree of the court actually impressed upon all of it in the hands of Florence T. Holland, or under her control, a trust and lien in favor of the creditors of her husband, as having been conveyed in fraud of their rights. All of the parties to that litigation, particularly the defendant Florence T. Holland and her attorneys, knew that if the allegations of the bill were sustained and the relief sought was granted, the court would be compelled to draw to itself for administration and disposition all of the property and funds so claimed. That bill was filed on June 23, 1928, and the petition in the present case alleges that the payments were made to Lamb long after citation in said cause No. 129 and for services in defending said Mrs. Holland therein, beginning August 8, 1928, and continuing to April 12, 1930, some eighteen days before the final decree in said suit was entered and the citation in this case served on April 30th. In such circumstances, could the defendant, Florence T. Holland, or her agent, make any disposition which would defeat the jurisdiction of the court over the property upon which the trust and lien were sought to be created? There might be some question as to the effect of such a transfer, if the money had passed into the hands of an innocent third person without knowledge of the pendency of the bill; but it seems reasonably clear to us that neither she nor her agent or attorney, having knowledge of the suit and its purposes, could ignore it and dispose of the property to be affected in a manner to defeat that jurisdiction. Lang v. Choctaw Oklahoma, etc., R. Co. (C. C. A.)

160 F. 355. If she (Mrs. Holland) could remove a part, then she might do so as to the whole property, with the result that the court's decree, when rendered, would be futile, or the plaintiff be compelled to pursue the property into whatever jurisdiction she might see fit to carry it. Such is the possible consequence of a holding of that nature, and we think demonstrates the soundness of the doctrine of constructive possession, flowing from a proceeding in equity of the character of suit No. 129. If the defendant could not do this herself, we can see no more reason for holding that it could be done indirectly through her attorney, whether under the claim of paying attorney's fees, or otherwise.

"Where a bill in equity brings under the direct control of the court all the property and estate of the defendants, or of certain named defendants, or certain designated property of all or of either of the defendants, to be administered for the benefit of all entitled to share in the fruits of the litigation, and the possession and control of the property are necessary to the exercise of the jurisdiction of the court, the filing of the bill and service of process is an equitable levy on the property, and pending the proceedings such property may properly be held to be in gremio legis. The actual seizure of the property is not necessary to produce this effect, where the possession of the property is necessary to the granting of the relief sought. In such cases the commencement of the suit is sufficient to give the court whose jurisdiction is invoked the exclusive right to control the property." Illinois Steel Co. v. Putnam (C. C. A. 5th Cir.) 68 F. 515, 517. See also Adams v. Mercantile Trust Co. (C. C. A. 5th Cir.) 66 F. 617, 626 and cases cited; C. J., Vol. 34, p. 200.

In view of this principle of the law, we do not think the court could be deprived of its power over a portion of the property or funds by the attorney for the defendant coming into its jurisdiction and taking it away, even in satisfaction of his fees; neither do we think that process to prevent such a course or to compel restoration can be defeated by pleading the immunity usually accorded practitioners when actually engaged in their professional duties before such court. This immunity is more for the protection of the court itself and to prevent interference with its proceedings, than for the benefit of the attorney. Stewart v. Ramsay, 242 U. S. 128, 37 S. Ct. 44, 61 L. Ed. 192. To allow it to defeat proper process for the con-

trol of such property would be to destroy the very basis of the rule itself, i. e., the orderly functioning of the court.

Our conclusion is that the service in this case was erroneously quashed.

Reversed.