## CRAMER et al. v. LAMB.
### No. 6004.

Circuit Court of Appeals, Fifth Circuit.
April 9, 1931.

Gerald Fitzgerald, of Clarksdale, Miss., Marcellus Green and Garner W. Green, both of Jackson, Miss., and J. L. Roberson and Sam C. Cook, Jr., both of Clarksdale, Miss. (Maynard, FitzGerald & Venable, of Clarksdale, Miss., on the brief), for appellants.

W. Calvin Wells, of Jackson, Miss., and Arvid B. Tanner, of Chicago, Ill. (Wells, Jones, Wells & Lipscomb, of Jackson, Miss., on the brief), for appellee.

Before FOSTER, Circuit Judge, and GRUBB and DAWKINS, District Judges.

DAWKINS, District Judge.

This cause involved a rule for contempt against William E. Lamb, because of the alleged taking from the jurisdiction of the court of certain funds and for which the ancillary bill was filed in the case of Schmitt, Receiver, v. Lamb (No. 6072) 48 F.(2d) 533, this day decided. Citation upon the rule was also quashed on the same ground as in that case, that is, because defendant, a resident of the state of Illinois, was present in the jurisdiction of the court as an attorney at law and therefore immune from such process.

Appellants have moved to dismiss the appeal upon the grounds: (1) That this court "is without jurisdiction to review the judgment of the court below because the proceeding * * * was a contempt proceeding and because" it was not maintainable upon the facts alleged; and (2) the decree appealed from was not final.

The petition for the rule alleged that the defendant in suit No. 129 in equity, Mrs. Florence T. Holland, and her husband, W. P. Holland, had conspired with the defendant Lamb and his firm and had "set over and assigned" to him and them $90,000 of the trust fund estate involved in that cause, with full knowledge of its purpose to subject the same to the alleged trust and lien of the creditors of W. P. Holland, all in contemptuous disregard of the authority and jurisdiction of the court below. Among other things, the prayer was that the defendant and others therein named be cited to appear before the court "upon a day to be named by the court, there to show cause why they should not be held in contempt of this court." The rule was filed on April 21, 1930, and on the same day the court signed an order to show cause on the following day at 9 o'clock a. m., why the defendant therein should not be punished as for contempt. The matter was continued to a later date, and on July 22, 1930, Lamb filed his motion to quash the service. Several grounds, other than his immunity as attorney, were set up, but the court below quashed the service for that reason alone and decreed "that the said motion of the said William E. Lamb to quash the process and dismiss the petition for the citation of W. E. Lamb for contempt, and for an order to turn over money paid him by the defendant, be and the same is hereby sustained and the rule to show cause is hereby discharged, and the said petition is hereby dismissed, without prejudice to the rights of the plaintiff, the receiver or any interested party, to proceed civilly in the matter as they or any of them may be advised. * * * "

For the reasons stated in cause No. 6072, this day decided, we think the funds were in the constructive possession of the court, to the knowledge of Lamb and his clients, and that plaintiffs were at liberty to proceed either by bill in equity, as was done there, or by rule for contempt, or by both means, to compel their restoration to the custody of the court's officers. We are of the opinion, therefore, that the rule did state a ground for relief and the service under the circumstances was properly made.

The decree below dismissed the rule by quashing the service and hence was undoubtedly final, notwithstanding the reservation of the right "to proceed civilly."

Reversed.