## BANK OF COMMERCE & TRUST CO. et al. v. WILLETTS WOOD PRODUCTS CO. et al.

### No. 335.

District Court, W. D. Louisiana, Monroe Division.

April 18, 1931.

Theus, Grisham, Davis & Leigh, of Monroe, La., for receiver.

Robinson, House & Moses, of Little Rock, Ark., for complainants.

Cockrill & Armistead, of Little Rock, Ark., for M. & M. Sec. Co.

Merrick, Schwarz, Guste, Barnett & Redmann, of New Orleans, La., for Canal Bank & Trust Co.

DAWKINS, District Judge.

On November 3, 1928, the Bank of Commerce & Trust Company of Memphis, Tenn., and T. W. Vinton filed in this court, as trustees of a certain bond mortgage upon a large sawmill plant, timber lands, etc., a bill for foreclosure via ordinaria, and for the appointment of a receiver. Both the maker of the mortgage and bonds, Willetts Wood Products Company, a Delaware corporation, and the guarantor of the bonds, J. F. McIntyre & Sons, Inc., a corporation under the laws of Arkansas, made defendants, appeared and consented to the appointment of a receiver. October 15, 1929, a final decree was entered for the sum of $924,000, with interest, costs, etc., against both defendants. The property was administered by the receiver, who finally sold it under order of court, and the same was bought in for the account of the bondholders.

At the time of the filing of the bill and appointment of a receiver there was on deposit with the Bank of Commerce & Trust Company (one of the above trustees), as a banking institution, to the credit of the Willetts Wood Products Company, the sum of $19,466.56. Subsequently, by means of a cashier's check, it passed this sum to the credit of J. F. McIntyre & Sons, Inc., for the purpose of applying the same to the satisfaction of its own claims. The Canal Bank & Trust Company et al. intervened in this proceeding, and by a cross-bill now seek to compel the Bank of Commerce & Trust Company to account for and pay over to the receiver the funds, on the ground that, having invoked the jurisdiction of this court in its said representative capacity, it should not be allowed individually to thus arbitrarily withhold or divert assets properly belonging to the receiver whose appointment it brought about. The properties of the Willetts Wood Products Company were sold by the receiver and bought in for the account of the bondholders in the name of certain individuals as trustees, selected by the Bank of Commerce & Trust Company, or those affiliated with it. Pursuant to the order of this court, the receiver in said deed retained "a lien in such sum as the Bank of Commerce & Trust Company of Memphis, Tennessee, as trustee, may hereafter be ordered to pay over to said receiver on account of funds or property wrongfully withheld from said trust estate," and which was for the purpose of securing whatever judgment might be rendered on the claim now under consideration.

It is first contended by the Bank of Commerce & Trust Company that this court is without jurisdiction over it individually, because it has only appeared herein in its capacity as trustee of the bond mortgage. However, I do not conceive its rights in that respect to be any different to what would be the case of a personal trustee if he were before the court under the same circumstances. It has subjected itself to the jurisdiction of this court for the purpose of asking that the properties and funds of the defendant corporation be subjected to the payment of claims which it represents as trustee, and as a means of bringing about that result procured the appointment of a receiver who was ordered to collect and administer its assets. Upon subsequent pleading of the intervener, the court ordered that the powers and duties of the receiver be made general in scope and for the benefit of all creditors. If the claim of the Bank of Commerce & Trust Company to the possession of the funds in question was substantial and not merely colorable, then the receiver would probably be compelled to sue it at its domicile, and could not in this proceeding compel it to hand over those funds as part of the estate of the insolvent corporation. However, I think it clear that, at the time the receiver was appointed, they stood in the name of the corporation and became a part of its assets, to be administered by him, and the bank could not change that status by a transfer through unauthorized entries upon its books. Being before the court for the purpose of having it administer the corpus of the receivership property, even though its appearance was as trustee, I think it may be compelled to turn over that which lawfully belongs to the estate, as a condition to the surrender or release of property or funds to its nominee at the sale. It will not be allowed to take advantage of the fact that it was the depository of these funds as a banking institution to convert them to its own use and to decline to surrender them to the receiver. Cyc. vol. 39, p. 296, verbo "Trusts," and authorities cited in footnote. Any claim of preference against such funds which it has can be asserted in this proceeding wherein the court has jurisdiction and control of the whole estate. If it were an individual coming into

this jurisdiction and had taken or withdrawn the funds in question from the estate over which the receiver had been appointed, it could be proceeded against either by complaint or rule for contempt. See Schmitt, Receiver, v. Lamb, 48 F.(2d) 533, and Cramer v. Lamb, 48 F.(2d) 537, on the docket of the Fifth Circuit Court of Appeals, recently decided.

My conclusion is that it is unnecessary to go into the merits of the claim of the bank for a preference as to these funds, since at the time of the appointment of the receiver they belonged to the corporation and all such claims must be litigated here after the money has been paid over to the receiver.

There should be judgment in favor of the receiver and intervener, for the benefit of the estate, and against the Bank of Commerce & Trust Company, ordering it to pay over to the receiver the said sum of $19,456.-66, with a lien upon the property conveyed by the receiver under the order of sale of the sawmill, lands, etc., as therein provided, to enforce its payment.

Proper decree may be presented.