Dr. Joseph **GILBERT**, Plaintiff-Appellant,

v.

Donald **JOHNSON** and Dr. Marc J. Musser, Defendants-Appellees.

No. 73–2471.

United States Court of Appeals, Fifth Circuit.

March 6, 1974.

Rehearing Denied April 12, 1974.

Sam F. Lowe, Jr., Atlanta, Ga., for plaintiff-appellant.

John W. Stokes, Jr., U. S. Atty., Beverly B. Bates, Asst. U. S. Atty., Atlanta, Ga., for defendants-appellees.

Before WISDOM, AINSWORTH and GEE, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's denial of motion of plaintiff, Dr. Gilbert, pursuant to Rule 70, Fed.R.Civ. P., to enforce a final judgment against the named defendants, officials of the Veterans Administration and against the United States.[1]

The order and judgment rendered in Dr. Gilbert's favor held that he had been unlawfully dismissed from his position with the Veterans Administration Hospital in Atlanta because he was not afforded a statutorily required hearing.[2]

Defendants appealed, but the order and judgment became final on the defendants' voluntary dismissal of their appeal.

1. The order and judgment dated June 16, 1972 in pertinent part follow:

   [I]t is ordered and decreed that the plaintiff be and he is hereby reinstated with the Veterans Administration with the right to receive, until the effective date of a decision by a Board convened by the Veterans Administration in accordance with this order, all the salary and other rights and privileges pertaining to the classification and status he held prior to separation, with the proviso that the defendants are not required, at this time, to permit plaintiff to actually perform the duties of Associate Chief of Staff at the Atlanta Veterans Administration Hospital; and

   It is further ordered that the plaintiff have judgment against the United States in the amount of Forty-Seven Thousand Two Hundred Eighty-Seven Dollars and Eighty-Two Cents ($47,287.82) together with interest according to law and costs of this action; and

   It is further ordered that the matter is remanded to the Veterans Administration for further consideration not inconsistent with these findings and conclusions.

2. 38 U.S.C. § 4110(a) provides in pertinent part:

   The Chief Medical Director, under regulations prescribed by the Administrator shall from time to time appoint boards to be known as disciplinary boards, each such board to consist of not less than three nor more than five employees, senior in grade, of the Department of Medicine and Surgery, to determine, upon notice and fair hearing, charges of inaptitude, inefficiency, or misconduct of any person employed in a position provided in paragraph (1) of section 4104 of this title [physicians, dentists, and nurses].

When Dr. Gilbert's motion to enforce judgment was denied in May 1973, he had received no letter of charges against him; defendants had not paid the money judgment, had not held the statutory hearing ordered by the court, and had withheld $9,999.99, the amount of salary due for the first quarter of 1973. However, the Veterans Administration had begun an investigation against Dr. Gilbert in September 1972 and in early 1973 undertook a second investigation.[3]

Dr. Gilbert alleged the above facts in his motion to enforce judgment. Among other things, he sought to have the named defendants held in contempt for failure to comply with the original judgment, to add the VA attorney as a party defendant, to enjoin further investigation, to pay his salary from June 30, 1972, and to have the money judgment paid with interest as ordered. He likewise sought an injunction against VA interference with his duty as Associate Chief of Staff.

■ There is no merit to the Government's contention that we do not have jurisdiction of the order denying plaintiff relief. Denial of plaintiff's motion which was made after the principal action and sought to have respondents held in civil contempt, is a final decision appealable under 28 U.S.C. § 1291. *See* Penfield Co. of California v. Securities & Exchange Commission, 330 U.S. 585, 591, 67 S.Ct. 918, 921, 91 L.Ed. 1117 (1947), rehearing denied, 331 U.S. 865, 67 S.Ct. 1301, 91 L.Ed. 1870; Union Tool Co. v. Wilson, 259 U.S. 107, 112, 42 S.Ct. 427, 429, 66 L.Ed. 848 (1922); California Artificial Stone Paving Co. v. Molitor, 113 U.S. 609, 618, 5 S.Ct. 618, 622, 28 L.Ed. 1106 (1885).[4]

■ The plaintiff proceeded properly in this case against defendants under Rule 70, Fed.R.Civ.P. *See* Lufkin v. United States, D.C.N.H., 1958, 168 F. Supp. 451, 455, in which the court held that "[r]elief may be had against the United States under Rule 70, which provides for the execution of specific acts."[5]

The stated position of the Veterans Administration is unsatisfactory as to why it has failed to pay the money judgment rendered against it in June 1972, failed to immediately hold a hearing, withheld Dr. Gilbert's salary, and why it has made numerous attempts to order Dr. Gilbert to confine his professional activities to menial tasks totally unrelated to his highly specialized field of car-

---

3. Pursuant to request for information by this Court, we are now informed that the hearing which the district court required has now been held and the matter awaits decision by the VA.

4. *See also* New York Telephone Co. v. Communications Workers of America, 2 Cir., 1971, 445 F.2d 39, 44–45; Vincent v. Local 294, International Bro. of Teamsters, etc., 2 Cir., 1970, 424 F.2d 124, 127–128; Stringfellow v. Haines, 2 Cir., 1962, 309 F.2d 910, 911; Parker v. United States, 1 Cir., 1946, 153 F.2d 66, 69; International Silver Co. v. Oneida Community, 2 Cir., 1938, 93 F.2d 437, 441; Cramer v. Lamb, 5 Cir., 1931, 48 F.2d 537, 538, aff'd 285 U.S. 217, 220, 221, 52 S.Ct. 315, 316, 317, 76 L.Ed. 715 (1932); Waterman Co. v. Standard Drug Co., 6 Cir., 1913, 202 F. 167; 9 Moore, Federal Practice (2d ed. 1973) ¶ 110.13 [4] at 168.

5. The court also held:
"If final authority is needed in support of the proposition that coercive relief may be obtained against a governmental department, we quote from Marbury v. Madison, 1803, 2 Cranch 137, 166 [Reprint 5 U.S. 87, 105], 2 L.Ed. 60. In attempting to determine whether mandamus lay against the Secretary of State, the court stated:
"'* * * where the heads of departments are the political or confidential agents of the executive, merely to execute the will of the president, or rather to act in cases in which the executive possesses a constitutional or legal discretion, nothing can be more perfectly clear, than that their acts are only politically examinable. *But where a specific duty is assigned by law, and individual rights depend upon the performance of that duty, it seems equally clear, that the individual who considers himself injured, has a right to resort to the laws of his country for a remedy.*'"
(Emphasis added.)

dio-thoracic surgery. On their face they appear to be in violation of the district court's June 16, 1972 order.

 We, therefore, require that the district court re-examine the question of failure to satisfy its order and judgment of June 16, 1972 and to apply appropriate sanctions for failure to obey the court's order.[6]

 The denial of plaintiff's motion by the district court was, therefore, erroneous and it is necessary that we remand this matter for further proceedings with directions that the court:

1. hold a hearing on plaintiff's motion forthwith and see to it that the order and judgment of June 16, 1972 are fully complied with;

2. require payment of the money judgment in full with interest,[7] without deduction for retirement or income taxes;[8]

3. inquire into Dr. Gilbert's reinstatement and the reason why he allegedly has been given menial tasks not commensurate with his specialty, despite the court's order to reinstate him to "all the salary and other rights and privileges pertaining to the classification and status he held prior to separation";

4. issue such further orders as may be required in the premises.

Vacated and remanded.

6. If appropriate, this includes the right to apply the sanctions of contempt even though Government officials are involved. *See* Sawyer v. Dollar, 1951, 89 U.S.App.D.C. 58, 190 F.2d 623, 634.

7. Though the general rule is that interest may not be awarded against the United States, we have concluded that it is proper here, as the district judge held. *See* National Home for Disabled Volunteer Soldiers v. Parrish, 229 U.S. 494, 33 S.Ct. 944, 57 L.Ed. 1296 (1913). National Home was merged with the Veterans' Bureau into the Veterans Administration in 1930. (*See* 38 U.S.C.A. 29, "Brief History of Legislation Pertaining to Veterans' Benefits.") *See also* 31 U.S.C. § 227 requiring payment of interest in judgments against the United States under certain circumstances.

8. The district court's original order and judgment made no provison for deduction of retirement or income taxes and that judgment is now final. It is inappropriate to make such deductions though plaintiff should have the opportunity to make appropriate contribution to his retirement.