George B. SANDERS et al.,
Plaintiffs-Appellants,

v.

MONSANTO COMPANY et al.,
Defendants-Appellees.

No. 77–2249.

United States Court of Appeals,
Fifth Circuit.

May 30, 1978.

Gabrielle K. McDonald, Mark T. McDonald, Houston, Tex., for plaintiffs-appellants.

William N. Wheat, Neta L. Frazier, Houston, Tex., for Local 347, et al.

Tom M. Davis, Tony P. Rosenstein, Houston, Tex., for Monsanto Co.

Before MORGAN and GEE, Circuit Judges, and KING, District Judge.*

LEWIS R. MORGAN, Circuit Judge:

In this civil rights action, appellants appeal the lower court's denial of their motion

---

* United States District Judge for the Southern District of Florida, sitting by designation.

to hold appellees in contempt. Appellants contend that the court erred in two regards: by failing to hold an oral hearing on the contempt motion, and by failing to make findings of fact and conclusions of law in arriving at its order denying appellants' motion. We agree with appellants' position and therefore reverse and remand.

Because the instant appeal is from a contempt order, it is necessary to examine the underlying legal and factual framework. In 1971, a class action was instituted by appellant Sanders against Monsanto and the Trade Council on behalf of all black employees similarly situated, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1981. Prior to class certification, however, the parties presented a consent order to the court which it subsequently accepted after notice to affected class members. The district court retained jurisdiction of the case for three years from the entry of the order for the purpose of insuring the integrity of the order.

On January 21, 1977, appellants filed their motion to hold appellees in contempt of the consent order. Additionally, they filed a claim in the alternative for further relief. The motions were supported by accompanying affidavits. In answer, the Company and Trades Council filed its reply, also accompanied by affidavits, denying appellants' claims. Subsequent to appellees' reply, appellants' counsel requested an oral hearing on the contempt motion, which the court below denied. On April 28, 1977, the district court denied appellants' motion to hold appellees in contempt.

■ Before proceeding to the merits of this appeal, it is necessary to establish this court's jurisdiction on appeal. Except for interlocutory matters covered by 28 U.S.C. § 1292, this court has jurisdiction on appeal to review only final decisions from district courts. 28 U.S.C. § 1291. Normally, a civil contempt motion involving a party that occurs in the course of a litigation is non-final, whether granted or denied. *Doyle v. London Guarantee Co.,* 204 U.S. 599, 27 S.Ct. 313, 51 L.Ed. 641 (1907). Contempt motions that are not part and parcel of a continuing litigation, however, are final and subject to review because with respect to the contempt issue, no further district court action occurs. Therefore, a civil contempt order directed at a non-party has been held final for the purpose of review. *Southern Ry. Co. v. Lanham,* 403 F.2d 119 (5th Cir. 1968), *reh. denied,* 408 F.2d 348; *Fenton v. Walling,* 139 F.2d 608 (10th Cir. 1943), *cert. denied,* 321 U.S. 798, 64 S.Ct. 938, 88 L.Ed. 1086. Moreover, if a motion for civil contempt is denied after the entry of the judgment which was the subject of the contempt, the denial is final and reviewable because no further district court action is necessary to give life to the denial. *Gilbert v. Johnson,* 490 F.2d 827 (5th Cir. 1974). The instant case is analogous to the situation faced by this court in *Gilbert.* The consent order, when accepted by the court, operated as a final judgment. Therefore, because the motion for contempt was denied after this "judgment," as in *Gilbert,* and no further action by the district court was necessary to quicken the denial, the action by the district court is final and therefore reviewable.

■ Being satisfied ourselves that jurisdiction exists, we may address appellants' contentions that procedural errors occurred in the course of the denial. Appellants contend that the court erred in failing to hold an oral hearing on the motion for contempt. Normally, Rule 43(e) provides the procedure for a motion to be heard. As provided by Rule 43(e), the court may decide a motion on affidavits or may, apparently in its discretion, direct that the matter be heard on oral testimony. Appellants argue, however, that because a civil contempt action is more in the nature of a trial on the merits of a breach of the consent "contract" Rule 43(a) should control. As provided by Rule 43(a), a trial requires a full hearing complete with oral testimony. We agree with appellants. A contempt proceeding from a court order is highly factual, approximating a trial on the merits. Therefore, evidence ought to be presented in the method most consistent with arriving

at the truth. Historical experience has taught us that testimonial evidence has the highest reliability because the credibility of the witness can be evaluated, and the factual issues narrowed by cross-examination. Because the contempt proceedings depend so heavily on complex facts not readily perceivable from the record, an oral hearing within the scope of Rule 43(a) is necessary. *See Hoffman v. Beer Drivers and Salesmen,* 536 F.2d 1268 (9th Cir. 1976); 9 Wright & Miller, Federal Practice and Procedure § 2416 (1971 Ed.).

In addition to their objection to the form of hearing, appellants also contend that the court erred in the form of the judgment. Specifically, appellants object to the lack of findings of fact and conclusions of law in the court's order denying the contempt motion. In arriving at this course, the court apparently relied on the last sentence of Rule 52(a) providing that findings of fact and conclusions of law need not be made on decisions of motions. In view of our decision on the first issue, *supra,* the court's error is manifest. Because a contempt hearing is in the nature of a trial within the scope of Rule 43(a), it necessarily follows that it is in the nature of a trial upon the facts for the purpose of Rule 52(a). The purpose behind Rule 52(a) of providing a basis upon which a reviewing court may evaluate the lower court's decision. Because of the factual nature of a contempt action, without a finding of fact the appellate court is totally unable to review the lower court's action without a "trial de novo" on the record. This method of review would not only be time consuming and prejudicial to the parties, but would also effectively remove from the process the one participant who could evaluate credibility, the lower court. We therefore hold that the court must make findings of fact and conclusions of law in its decision on a motion for civil contempt and that it was error not to do so.

REVERSE and REMAND.