991 F.2d 794
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ELECTRICAL WORKER'S PENSION FUND, et al., Plaintiffs-Appellants,
v.
ELECTRIC ONE, INC., Pamela R.R. Raitt, and Wilbert Roberts,
Defendants-Appellees,
and
ELECTRICAL WORKER'S PENSION FUND, et al., Plaintiffs-Appellants,
v.
Martin H. MASLOWE, d/b/a Maslowe & Co., Defendant-Appellee.
 Nos. 92-1074, 92-1106.
 United States Court of Appeals, Sixth Circuit.
 Feb. 18, 1993.
 
 Before MERRITT, Chief Judge, and BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Electric One and Local 58 of the International Brotherhood of Electrical Workers entered into a collective-bargaining agreement. The agreement provided that Electric One was obligated to file reports regarding employees' fringe benefits and to pay the Electrical Workers' Pension Trust Fund and other trust funds for employees' fringe benefits.
 
 
 2
 Without doubt, Electric One breached the reporting and contribution requirements of the collective-bargaining agreement. The union filed a grievance which went to arbitration where it was held that Electric One had breached the contract. The arbitration award directed Electric One to cure all delinquencies and "hereafter [file] all reports [and pay] all fringe benefit contributions on a timely basis as required by Article VIII [of the collective bargaining agreement]."
 
 
 3
 Electric One did not comply with the arbitrator's decision and the Funds filed suit to enforce the arbitration award. Judgment was entered for the Funds and Electric One was ordered to fully comply with the arbitration award.
 
 
 4
 Electric One, after the judgment, failed to file the requisite reports and eventually ceased making contributions to the Funds. The Funds then filed suit in federal district court against Electric One and its principal officers, Pamela R.R. Raitt and Wilbert Roberts, for civil contempt of court. Electric One paid the Funds the money that was due but did not file the appropriate reports. The district court referred the contempt proceeding to a magistrate, and the magistrate denied the Funds' request to have Electric One and its officers declared in contempt of court. The district court affirmed the magistrate.
 
 
 5
 The Funds now appeal the district court's refusal to hold Electric One and its principal officers in civil contempt for failing to comply with the prior judgment, which mandated that Electric One file reports regarding fringe benefits and to pay them.
 
 
 6
 Martin H. Maslowe, doing business as M.H. Maslowe & Co., was a signatory to the same collective-bargaining agreement as Electric One. He also failed to abide by the reporting and payment requirements of the agreement, lost at arbitration, and was ordered by the arbitrator to promptly file all future reports and pay all required future contributions. In June 1991, the Funds sued in federal district court under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, to enforce the arbitrator's decision. Maslowe did not file an answer and the Funds moved for a default judgment against Maslowe. The district court advised the Funds that it would not enter judgment enforcing the entire arbitration award because it required Maslowe to file reports and pay fringe-benefit contributions in the future. The district court feared that the Funds intended to file civil contempt charges against Maslowe like it had done against Electric One. In light of the court's refusal to fully enforce the arbitrator's award, the union moved to dismiss its action, and the district court dismissed the case without prejudice.
 
 
 7
 A refusal to cite a party for civil contempt is not reviewable as a final decision under 28 U.S.C. § 1291 if the motion for contempt is part of an ongoing case, but is reviewable if, as in this case, the civil contempt motion ends the case. Sanders v. Monsanto Co., 574 F.2d 198 (5th Cir.1978). Dismissal of a case, even without prejudice, is also reviewable as a final decision under 28 U.S.C. § 1291. E.g., Union Oil Co. v. Service Oil Co., 766 F.2d 224 (6th Cir.1985).
 
 
 8
 A district court's decision concerning the grant or denial of a civil contempt petition is an "abuse of discretion" question. NLRB v. Cincinnati Bronze, 829 F.2d 585 (6th Cir.1987). In reviewing a district court's refusal to enforce an arbitration award, we review questions of law de novo and questions of fact under a "clearly erroneous" standard.
 
 
 9
 The district court did not abuse its discretion here when it refused to hold Electric One or its officers in civil contempt of court. A district court has great latitude in determining whether a party is in contempt of court. In this case, the district court determined that Electric One was not in strong financial shape and its ability to pay the fringe-benefit contributions was not assured. In addition, the Funds had an adequate remedy for breach of the collective-bargaining agreement because they could sue for breach of the collective-bargaining agreement whenever Electric One failed to pay contributions or failed to file the appropriate reports. The district court did not abuse its discretion by refusing to cite Electric One and its principal officers for contempt under these circumstances.
 
 
 10
 Sound public policy also requires that Electric One and its officers not be held in contempt. Allowing some creditors of a financially-strapped corporation to use the weapon of contempt against the officers of the corporation for failure to pay obligations promotes an unfair distinction between creditors which thwarts the purposes of the Bankruptcy Code. Although Electric One had not filed for bankruptcy at the time of the Funds' suit, the Funds were certainly trying to position themselves to gain a preferred position, or preferred payments, if Electric One was not able to pay all its obligations. The district court wisely refused to hold Electric One and its officers in contempt.
 
 
 11
 We must remand the case concerning Martin Maslowe because the record is not clear whether the arbitrator's decision against Maslowe was grounded in the collective-bargaining agreement. Arbitration is a fundamental component of federal labor law, and district courts may refuse to enforce arbitrators' decisions only if the arbitrator has no power under the agreement to reach the decision that he or she reaches. See, e.g., United Paperworkers Int'l Union, AFL-CIO, et al. v. Misco, Inc., 484 U.S. 29, 37-39 (1987) ("[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision."). In the Funds' suit against Maslowe & Co., the record does not contain sufficient information to determine whether the arbitrator acted within the authority conferred on him by the collective-bargaining agreement. Therefore, it is impossible to determine whether the district court should have enforced the arbitrator's decision. On remand, the district court should examine the collective-bargaining agreement and the arbitrator's decision and determine whether the arbitrator exceeded his or her authority under the contract. If the arbitrator did not exceed his or her authority, the district court must enforce the arbitrator's decision.
 
 
 12
 If the district court does enforce the arbitrator's decision and the Funds later proceed to file contempt charges against Maslowe, the court will have discretion whether a contempt citation is appropriate.
 
 
 13
 For the foregoing reasons, the judgment of the district court is affirmed in No. 92-1074; No. 92-1106 is remanded to the district court for further consideration consistent with this opinion.