70 F.3d 638
 315 U.S.App.D.C. 77
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Eunice SAMUELS, et al., Appellants,
v.
DISTRICT OF COLUMBIA, et al., Appellees.
 No. 94-7032.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 4, 1995.
 
 Before: WILLIAMS, GINSBURG and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments of counsel. The court is satisfied that appropriate disposition of the case does not call for further opinion. See D.C.Cir.Rule 36(b).
 
 
 2
 For the reasons set out in the attached memorandum, it is
 
 
 3
 ORDERED and ADJUDGED that the case be remanded to the district court for findings of fact and conclusions of law relating to appellants' petition for attorneys' fees.
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41(a)(2). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.
 
 ATTACHMENT
 MEMORANDUM
 
 5
 The plaintiffs are the class of all public housing tenants in the District of Columbia. In a final judgment and decree issued in 1987 the district court required the District to create a Central Grievance File to which the plaintiffs' counsel and interested members of the public would have access. The plaintiffs thereafter filed a series of motions to compel discovery and petitions for orders to show cause why the District should not be held in contempt for failure to comply with this aspect of the decree. In one such petition, filed in September 1992, the plaintiffs sought a contempt hearing, monetary fines, and attorneys' fees. The district court denied that petition on January 12, 1993. At the same time, however, the court ordered the District to "provide access to the Central Grievance Files on a continuing basis." The plaintiffs moved to amend the district court's order denying them the requested relief, including attorneys' fees. The district court denied the motion to amend on January 6, 1994 without stating its reason for denying attorneys' fees.
 
 
 6
 The plaintiffs appeal, claiming that they are "prevailing parties" and that the district court therefore abused its discretion under 42 U.S.C. Sec. 1988 by rejecting their request for attorneys' fees.[1] The District does not join this issue on the merits; it contends only that the orders denying attorneys' fees are not final or otherwise appealable.
 
 I.
 
 7
 A post-judgment order is generally not appealable as long as any "closely related questions or proceedings remain pending." 15B Charles A. Wright et al., Federal Practice and Procedure Sec. 3916, at 356 (2d ed. 1992). Here the district court, in its order and opinion of January 12, 1993, terminated the contempt matter but did not terminate all post-judgment proceedings. Indeed, in the same order the court granted the plaintiffs' discovery motion and agreed to entertain a petition for attorneys' fees related to the motion to compel discovery at such time as the District fully complied with the January 12 order. The District argues that the order is therefore not presently appealable insofar as it denied the plaintiffs' request for attorneys' fees. In addition, the District points out that "a judgment of civil contempt entered against a party is not appealable" at all. 9 Moore's Federal Practice Sec. 110.14, at 187 (1995).
 
 
 8
 In this case, however, the district court's January 12 rulings on contempt and on the associated fee request were unrelated to its rulings on the discovery matters. In one order the court addressed the Plaintiffs' Application for Extension of Monitoring Provisions and Motions to Compel Discovery, as well as their Petition for an Order to Show Cause. These remain independent matters, however. The Application was filed more than six months prior to the events giving rise to the contempt allegation that lies at the heart of the Petition, and was based upon a different provision of the 1987 decree. It was merely a matter of convenience for the district court to dispose of the Application and of the Petition in a single order. There is a possibility that the district court conflated the question of attorneys' fees related to the contempt petition and the question of attorneys' fees related to the motion to compel discovery, as both the petition and the motion concerned access to the Central Grievance Files. The two pleadings are legally distinct, however, and require separate treatment. With respect to the plaintiffs' petition for contempt, the January 12 order does not contemplate any further proceeding.
 
 
 9
 Furthermore, while civil contempt entered against a party is ordinarily not appealable, an "[a]ppeal can be taken from an order that denies civil contempt sanctions." Wright et al., supra, Sec. 3917, at 404 (emphasis added); Sanders v. Monsanto Co., 574 F.2d 198, 199 (5th Cir.1978) ("if a motion for civil contempt is denied after entry of the judgment which was the subject of the contempt, the denial is final and reviewable because no further district court action is necessary to give life to the denial"). For the same reason, an order refusing to require a party to show cause why it should not be held in contempt is appealable. Davis v. Board of School Comm'rs of Mobile County, 517 F.2d 1044, 1052 (5th Cir.1975).
 
 
 10
 In short, the orders of January 12, 1993 and January 6, 1994 are final and appealable with respect to the contempt petition. Therefore this court has jurisdiction under 28 U.S.C. Sec. 1291 to review the decision of the district court denying the plaintiff class's claim for attorneys' fees.
 
 II.
 
 11
 Section 1988 of 42 U.S.C. provides that "[i]n any action or proceeding to enforce a provision of [42 U.S.C. Sec. 1983, among others], the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee." A post-judgment proceeding that "help[s] to protect the relief awarded under the ... decree" is within the purview of that provision. Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 561 (1986). Indeed, although Sec. 1988 states that the court may "in its discretion" allow a fee, the Supreme Court has held that the Congress intended thereby to erect a presumption favoring such an award to a prevailing plaintiff unless some special consideration dictates otherwise. Blanchard v. Bergeron, La., 489 U.S. 87, 89 n. 1 (1989). See also Miller v. Staats, 706 F.2d 336, 340 (D.C.Cir.1983).
 
 
 12
 In this circumstance, we agree with the First Circuit:
 
 
 13
 [I]ssuance of an order denying counsel fees without an adequate statement of the reasons for the order does not meet minimum standards of procedural fairness and regularity. Nor does an order issued without a deliberate articulation of its rationale, including some appraisal of the factors underlying the court's decision, allow for a disciplined and informed review of the court's discretion.
 
 
 14
 Sargeant v. Sharp, 579 F.2d 645, 647 (1978) (citations omitted). Because the district court in this case did not state a reason for denying the plaintiffs their attorneys' fees, we must remand this matter for the district court to reconsider and to issue a reasoned decision.
 
 
 15
 Upon remand, the district court should apply the two-part test that this circuit uses in order to determine whether a party has "prevailed." The first element of the test is whether "the fee claimant substantially received the relief sought." Commissioners Court of Medina County, Texas v. United States, 683 F.2d 435, 440 (D.C.Cir.1982). This requirement may be met where action taken by the adverse party effectively moots the controversy. Id. The second element of the test requires that the litigation must have been "a catalytic, necessary, or substantial factor in attaining the relief." Id. In order to make this showing, a plaintiff need only demonstrate that its claim was not wholly insubstantial and that it contributed to obtaining the relief it got. Miller, 706 F.2d 336 at 341.
 
 
 16
 Moreover, "a party may be considered to have prevailed even when the legal action stops short of final appellate, or even initial, judgment due to a settlement or intervening mootness." Grano v. Barry, 783 F.2d 1104, 1108 (D.C.Cir.1986). In this case, the ultimate relief sought by the plaintiffs in their petition for an order to show cause was access to inspect and copy the Central Grievance Files. The District, in responding to the petition, initially asserted that it was not obliged to afford such access beyond the monitoring period specified elsewhere in the decree. Then, after the plaintiffs had petitioned the court for an order directing the District to show cause why it should not be held in contempt, the defendant, assertedly in order "to avoid further contentiousness," gave the plaintiffs the access they sought and asked the court to dismiss the petition as moot. At least at this distance it appears, therefore, that the District would not have complied with the plaintiffs' request for access if the plaintiffs had not filed the petition looking toward a citation for contempt.[2]
 
 
 17
 The district court, although it denied the petition, ordered the District to "provide access to the Central Grievance Files on a continuing basis," i.e. not just during the formal monitoring period for which the District was required to submit reports. The court admonished the District that its further failure to provide access would be sanctioned as contempt. Thus, as a practical matter the plaintiffs appear to have secured the relief they sought despite the district court's formal denial of their show cause petition.
 
 
 18
 If upon remand the district court nonetheless determines that the plaintiffs are not "prevailing parties," then it should explain why. If it decides that they are prevailing parties and are entitled to attorneys' fees associated with the September 1992 show cause petition, then the district court will have to determine the appropriate amount of such fees. We express no view at the present time upon the question whether such a fee award should encompass any amounts expended in pursuit of this appeal.
 
 
 
 [1]
 Alternatively, the plaintiffs invoke the court's "inherent authority" to award attorneys' fees, independent of Sec. 1988. Because statutory authority is clearly applicable here, we do not address the plaintiffs' recourse to the common law. In any event, the plaintiffs' common law arguments roughly parallel their arguments under Sec. 1988
 
 
 [2]
 An apparently analogous set of circumstances surrounded the district court's order of January 10, 1994 relating to a motion for attorneys' fees filed by three individual plaintiffs in consolidated Case No. 94-7033. There the district court awarded partial fees associated with the underlying show cause petition, notwithstanding that it had dismissed the petition itself