**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re:  JAY W. JOHNSON; DEBRA F. JOHNSON,<br><br>          Debtors,<br><br>_____<br><br>ROSENDO GONZALEZ, Trustee of the Bankruptcy Estate of Jay W. Johnson and Debra F. Johnson,<br><br>          Plaintiff-Appellee,<br><br>   v.<br><br>DEBRA F. JOHNSON; JAY W. JOHNSON; JAY JOHNSON A.I.A. AND ASSOCIATES, INC.; RANDAL A. JOHNSON; ROBIN L. JOHNSON; JJ AND A ARCHITECTS, INC.; Q FINANCIAL GROUP, LLC,<br><br>          Defendants-Appellants. | No.    17-55220<br><br>DC No. CV 16-01257 BRO<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

_____

        [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted December 6, 2018
Pasadena, California

Before:     TASHIMA and WARDLAW, Circuit Judges, and PRATT,[**] District Judge.

Defendants-Appellants appeal the district court's affirmance of the bankruptcy court's denial of their motion for attorneys' fees. We affirm.

1.     Defendants-Appellants contend that the bankruptcy court should have awarded fees as a sanction for bad faith conduct by the Trustee, Plaintiff-Appellee Rosendo Gonzalez, and his counsel. The denial of sanctions under a court's inherent p;owers is reviewed for abuse of discretion. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 55 (1991). "Findings of fact that underlie a court's legal conclusions are reviewed for clear error." *United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 256, 260 (9th Cir. 2002)/  A court may, under its inherent powers, assess attorneys' fees as a sanction when a party has "acted in bad faith, vexatiously, wantonly, and for oppressive reasons." *Chambers*, 501 U.S. at 45–46. Here, the bankruptcy court made a factual finding that, although the case had been vigorously litigated and Defendants-Appellants ultimately prevailed, no party had acted in bad faith. On this lengthy record, the bankruptcy court's factual

---

[**]     The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa, sitting by designation.

2

determination regarding lack of bad faith is not clearly erroneous. *See Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997) (noting that a trial court "has 'broad fact-finding powers' with respect to sanctions, and its findings warrant 'great deference'" (quoting *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1366 (9th Cir. 1990) (en banc))). In addition, the bankruptcy court applied the correct legal standard, and its ultimate conclusion, that sanctions were not warranted under *Chambers*, was not "illogical, implausible, or without support from inference that may be drawn from the record." *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc) (footnote omitted); *see also Primus Auto.*, 115 F.3d at 649 (emphasizing that "sanctions should be reserved for the 'rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose'").

**2.** Defendants-Appellants next argue that the bankruptcy court should have allowed them to present additional evidence of bad faith at an evidentiary hearing or in supplemental briefing. The record, however, belies Defendants-Appellants' suggestion that the bankruptcy court declined to consider all of the relevant evidence simply because it was not properly submitted with the fees motion. The bankruptcy judge carefully considered "the record presented at

trial," her "161 pages of trial notes," the docket, her "experience with this case over the last ten years," and Defendants-Appellants' arguments at the lengthy hearing on the fees motion. After "turn[ing] to the evidence," the bankruptcy judge concluded that she "just could not make" a finding that the Trustee or his counsel had acted in bad faith.

Moreover, the bankruptcy court was not required to hold an evidentiary hearing under Federal Rule of Civil Procedure 43(a). The only authorities that Defendants-Appellants cite in support of their argument to the contrary are two cases, both of which predate *Chambers* and concern contempt proceedings.[1] They do not control here. In the circumstances of this case, because the bankruptcy court's conclusion that an evidentiary hearing was unwarranted is not illogical, implausible, or without support, its decision to deny the request for an evidentiary hearing under Rule 43(c) was not an abuse of discretion.

**3.** Defendants-Appellants also argue that, pursuant to California Civil Code § 1717 and an attorneys' fee provision in the 2005 Settlement Agreement, they are entitled to attorneys' fees for services incurred in opposing the Trustee's efforts to enforce the 2005 Settlement Agreement. However, § 1717 is limited in

---

[1] *See Sanders v. Monsato Co.*, 574 F.2d 198, 199–200 (5th Cir. 1978); *Hoffman v. Beer Drivers & Salesmen*, 536 F.2d 1268, 1277 (9th Cir. 1976).

scope – it applies only to "any action on a contract." Cal. Civ. Code § 1717(a). "[A]ction" in this context is "synonymous with 'suit,'" that is, a judicial proceeding that terminates with the entry of judgment. *Roberts v. Packard, Packard & Johnson*, 159 Cal. Rptr. 3d 180, 186 (Ct. App. 2013); *see also Gil v. Mansano*, 17 Cal. Rptr. 3d 420, 424 (Ct. App. 2004). "[S]teps taken during pending litigation are not an 'action' within the meaning of section 1717." *Roberts*, 159 Cal. Rptr. 3d at 186 (holding that under the "plain meaning of section 1717 . . . a petition to compel arbitration *filed in a pending lawsuit* is not an 'action'"); *see also Gil*, 17 Cal. Rptr. 3d at 423–24 (explaining that while "a defense to a tort action based on a provision of the contract may have the effect of enforcing the provisions of the contract, . . . the assertion of a defense does not constitute the bringing of an action to accomplish that goal"). Here, the bankruptcy case and adversary proceedings were not actions "on" the 2005 Settlement Agreement. Accordingly, the bankruptcy and district courts correctly concluded that Defendants-Appellants are not entitled to attorneys' fees under § 1717.

Nor can Defendants-Appellants, separate and apart from § 1717, recover attorneys' fees based purely on a contractual right under the 2005 Settlement Agreement, because the bankruptcy court held that Agreement to be unenforceable.

5

*See Santisas v. Goodin*, 951 P.2d 399, 406 (Cal. 1998) (explaining that because arguments that a contract is unenforceable or nonexistent "are inconsistent with a contractual claim for attorney fees under the same agreement, a party prevailing on any of these bases usually cannot claim attorney fees as a contractual right").

**AFFIRMED**.