In re Bart J. BURG, Debtor(s).

Curtis B. DANNING, Chapter 7 Trustee, Appellant,

v.

Eleanor J. BURG, Appellee.

BAP No. CC 88–1534 MoVJ.

Bankruptcy No. LA 85–15918–BR.

Adv. No. LA 87–0143–BR.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted on May 23, 1989.

Decided Aug. 11, 1989.

---

Jeffrey L. Sumpter, Danning, Gill, Gould, Diamond & Spector, Los Angeles, Cal., for appellant.

Evan L. Ginsburg, Fullerton, Cal., for appellee.

Before MOOREMAN, VOLINN and JONES, Bankruptcy Judges.

## SUPPLEMENTAL OPINION

MOOREMAN, Bankruptcy Judge:

By this appeal, the Trustee/Appellant seeks to set aside the Bankruptcy Court's Judgment in the underlying adversary proceeding in which the Trustee sought to

avoid and recover a "50% partnership interest" in certain real property.

## FACTS

The undisputed facts are essentially as follows. In 1948, Eleanor J. Burg ("Ms. Burg"), and Bart J. Burg ("debtor") were married. In approximately 1975, Ms. Burg received $20,000 as a gift from her mother, which Ms. Burg deposited into a joint bank account with Mr. Burg. In May 1975, the debtor and Ms. Burg used certain funds from this joint account to purchase an interest in a partnership named "Bart J. Burg, Eleanor J. Burg, Vincent A. Bauerlein and Margaret E. Bauerlein, a General Partnership ("the partnership")." The sole asset of this partnership was a certain piece of real property ("the partnership property") located in Fullerton, California. In 1979, Ms. Burg and the debtor were legally separated.

On February 20, 1985, the debtor executed a quitclaim deed which provided for the transfer of his interest in the partnership property to Ms. Burg. The deed was recorded the same day. On November 1, 1985, the debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. Eventually, the case was converted to a Chapter 7 and the Trustee/Appellant was appointed.

On January 29, 1987, the Trustee commenced an adversary proceeding under 11 U.S.C. §§ 548, 549, and 550 seeking to avoid the transfer of the partnership interest and for declaratory relief seeking a determination that the partnership interest was community property and, therefore, property of the estate. After a trial or hearing on the matter, the Bankruptcy Court determined that the execution and recording of the quitclaim deed was a Fraudulent Transfer in violation of § 548(a) and was, therefore, subject to avoidance by the Trustee. Additionally, however, the court determined that the partnership's 50% property interest in the partnership

property had been initially purchased with Ms. Burg's separate property funds from the jointly held bank account. Under such circumstances, the court concluded that from this 50% interest, the estate was entitled to a 5% separate property interest [1] and that the remaining 45% interest was Ms. Burg's separate property interest. From this order, the Trustee brought the instant appeal.

## DISCUSSION

Initially, the Trustee/Appellant contends that under California law, property purchased from commingled separate and community property is presumptively community property. Accordingly, the Appellant argues that Ms. Burg failed to rebut this presumption by establishing sufficient evidence *tracing* her separate property funds used to purchase the partnership interest. Ms. Burg does not dispute that California law creates a presumption that property purchased from commingled funds is community property, but contends that sufficient evidence was introduced to the Bankruptcy Court to rebut that presumption and, thereby support the court's conclusions.[2]

In determining whether the community property presumption has been sufficiently rebutted through adequate tracing, California courts have recognized that "the burden of establishing a spouse's separate interest in presumptive community property is not simply that of presenting proof at the time of litigation but also of *keeping adequate records.*" *In re Marriage of Frick*, 181 Cal.App.3d 997, 1001, 226 Cal. Rptr. 766, 772–73 (1986) (*quoting Estate of Murphy*, 15 Cal.3d 907, 919, 126 Cal.Rptr. 820, 829, 544 P.2d 956, 964 (1976). Additionally, California law recognizes that "[e]vidence which merely establishes the availability of separate funds on particular dates without also showing any disposition of the funds is not sufficient proof of tracing to overcome the presumption in favor of community property." *In re Marriage*

---

1. This percentage was apparently based on services performed by the debtor on behalf of the partnership.

2. Ms. Burg does not dispute that the execution and recording of the quitclaim deed was properly avoided.

*of Marsden,* 130 Cal.App.3d 426, 443, 181 Cal.Rptr. 910, 919 (1982). *See also Estate of Murphy,* 15 Cal.3d at 918, 126 Cal.Rptr. at 828, 544 P.2d at 964.

■ In the instant case, the declaration of Ms. Burg[3] established that she received $20,000 as a gift from her mother "in 1974 or 1975." However, it is also apparent from her declaration that Ms. Burg did not recall whether the funds were deposited in a joint or separate account. Thus, Ms. Burg's declaration alone is on its face, insufficient to rebut the presumption of community property under recognized California law.

■ The appellant additionally argues that the bankruptcy court's trial procedure violated Federal Rule of Civil Procedure 43(a), by requiring direct testimony through the submission of declarations rather than through oral testimony in open court. We conclude that appellant's contentions have merit.[4]

Initially, this Panel is guided by the maxim that "a trial is a search for the truth" and that evidence ought to be "presented in the method most consistent with arriving at the truth." *Sanders v. Monsanto Co.,* 574 F.2d 198, 199–200 (5th Cir.1978). In this regard, it is recognized that "[h]istorical experience has taught us that testimonial evidence has the highest reliability because the credibility of the witness can be evaluated, and the factual issues narrowed by cross-examination." *Id.* at 200.

Accordingly, Federal Rule of Civil Procedure 43(a) as adopted by Bankruptcy Rule 9017 provides:

Rule 43. Taking of Testimony.

*(a) Form. In all trials the testimony of witnesses shall be taken in open court,* unless otherwise provided by an Act of Congress or by these rules, the Federal Rules of Evidence, or other rules adopted by the Supreme Court.

Fed.R.Civ.P. 43(a) (emphasis added).

Federal Rule of Evidence 611(a) recognizes:

*(a) Control by court.* The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment.

■ While Federal Rule of Evidence 611(a) provides a trial court with "reasonable control" as to the "*mode* and order of interrogating witnesses *and* presenting evidence ...", basic notions of procedural due process compel this Panel to conclude that essential rights of the parties may be jeopardized by a procedure where the oral presentation of evidence is not allowed, where the bankruptcy court's ability to gage the credibility of a witness or evidence is questionable and where rulings on objections to the admissability of all direct evidence, may be unclear. Additionally, in view of the above considerations and the express requirements of Federal Rule of Civil Procedure 43(a), this Panel is unable to find any authority to support the procedure implemented by the bankruptcy court in taking testimony in the underlying adversary proceeding.[5] *See Hoffman v. Beer Drivers &*

---

**3.** The bankruptcy court's procedure for taking evidence was to have the parties submit declarations for purposes of *direct evidence* and the only oral testimony taken at the time of the hearing would be *strictly* limited to rebuttal testimony and cross examination of the declarant. See Order Re Presentation of Evidence, (attached). The correctness of such a procedure is more fully discussed *infra.*

**4.** While the "trial by affidavit" procedure implemented by the bankruptcy court is an understandable time saving device given the increasing bankruptcy case loads thrust upon the bankruptcy courts, this Panel concludes that such

concerns must be remedied in ways other than procedures which may infringe upon due process protections.

**5.** While the appellant argued at oral argument that the procedure in question was not based on a local rule, the bankruptcy court appears to have adopted the procedure of "trial by declaration" from a local rule dealing with the procedure used in presenting evidence on *motions.* Local Rules of the Bankruptcy Court for the Central District of California, Rule 111(k) (providing that "factual contentions" would be "determined solely upon declarations and other written evidence ..., except that the Court may,

*Salesmen's Local Union No. 888*, 536 F.2d 1268, 1277 (9th Cir.1976) (holding that a civil contempt proceeding "is a *trial* within the meaning of Fed.R.Civ.P. 43(a), rather than a *hearing on a motion* ... and *the issues may not be tried on the basis of affidavits*." (emphasis added) (citations omitted)).

▪ As previously set forth, Fed.R. Civ.P. 43(a) states that testimony shall be taken orally in open court. Use of declarations in lieu of the above requirement may occur, however, only if admissable under the Federal Rules of Evidence. *See Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 313 (7th Cir.1986) (holding that answers to written interrogatories in lieu of direct testimony was improper even though the declarant was available for cross-examination).

▪ Fed.R.Evid. 801(c) defines "hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." The declarations/affidavits at issue, are accordingly, within the definition of hearsay.[6] More importantly, there is nothing in the record before this Panel which evidences that the witnesses' declarations were within any of the exceptions to the admissability of hearsay.[7]

▪ Finally, the bankruptcy court failed to specifically rule on several of the appellant's evidentiary objections regarding Ms. Burg's declaration. While the bankruptcy court indicated that it would only consider those documents which were properly before it,[8] this alone is insufficient to allow the objecting party to determine what evidence was in fact relied upon by the trial court and whether grounds for an appeal exist.[9]

▪ Based on the foregoing, the judgment of the bankruptcy court is reversed and remanded for proceedings in accordance with this disposition.[10]

---

in its discretion, require or allow oral examination of any declarant or any other witness.").

While it appears that the Local Rule is within the scope of Fed.R.Civ.P. 43(e) (allowing for evidence on *motions* to be based on affidavits), this rule, is not applicable to the instant case because the underlying proceeding did not involve a motion, but an *"adversary proceeding"* or *trial. See Hoffman v. Beer Drivers*, 536 F.2d at 1277.

6. The record is unclear as to whether the appellant specifically objected to the bankruptcy court's trial procedure or to the admissability of the opposing declarations on the grounds of hearsay, however, the bankruptcy court did not specifically rule on any of the appellant's objections and, thus, such a determination is not possible. *See infra* note 8.

It should also be noted that nothing would preclude the parties from stipulating to the use of the above procedure.

7. Such declarations would be admissible if within the definition of Fed.R.Evid. 801(d)(1), e.g. (A) inconsistent with the declarant's testimony; (B) offered to rebut a charge of recent fabrication; or (C) for identification purposes. The declarations at issue, however, are not within the above definition of nonhearsay.

Additionally, the exceptions to the hearsay rule found in Fed.R.Evid. 803(5) and (24) come closest to allowing the admissability of the declarations. These limited exceptions, however, do not appear to be applicable because there is no indication that the witnesses did not have sufficient recollection of the information at trial (see Rule 803(5)), nor does the record indicate that the declarations are "more probative on the point for which it is offered than *any other evidence which the proponent can procure through reasonable efforts*." Rule 803(24). In the instant case, the most probative evidence was the declarant's own oral testimony.

8. The only indication as to the bankruptcy court's ruling on the objections was a statement to the effect that he would hear all the testimony and "then if I find that [the declarations and supporting documentary evidence are] improperly included I'll just ignore them."

9. We also note from statements at oral argument, that the declaration is a statement formulated by counsel after consultations with the declarant. Submission of the declaration with the declarant's endorsement is somewhat in the nature of a response to a leading question since the declarant in essence adopts by his or her simple affirmation an already formulated statement. This procedure dispenses with or limits demeanor testimony and undercuts the process of question, possible objection, and response which marks the ordinary course of testimony during a trial.

10. The appellant also argues that Ms. Burg is precluded from now claiming that the partnership interest is her separate property because of a Property Settlement Agreement and Judgment thereon in which Ms. Burg and the debtor

**EXHIBIT**

UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA

No. LA 85–15918 BR.

Adv. No. LA 87–0143 BR.

ORDER RE PRESENTATION OF EVIDENCE BY DECLARATIONS FOR COURT TRIAL; FILING JOINT PRE–TRIAL ORDER PURSUANT TO LOCAL RULE 905.

The following procedures are to be followed for the presentation of evidence to be offered at the trial of the above-entitled proceeding on Jan. 21, 1988 2 p.m.

The purpose of this procedure is to ensure a fair and expeditious trial. The procedure is similar to a motion for summary judgment, except that the admissibility of a declaration is dependent upon the presence of the declarant at trial subject to cross-examination.

1. *DECLARATIONS:*

(a) Except as herein provided, each party shall present the testimony of all its witnesses through declarations of said witnesses, under penalty of perjury, otherwise admissible under the Federal Rules of Evidence.

(b) The only oral testimony which may be offered at trial by a party through its witnesses will be *strictly* limited to rebuttal testimony.

(c) If a portion of a witness' declaration concerns an exhibit to be admitted into evidence at trial, the exhibit must be attached to the declaration.

(d) If a party is unable to obtain a declaration of a witness, counsel for that party shall file a declaration stating the name of the witness and a detailed summary of the expected testimony and why counsel was unable to obtain the witness' declaration. If the party intends to present the witness' testimony by a transcript of a deposition of the witness, only those portions of the transcript intended to be offered, should be attached to its counsel's declaration.

(e) The declaration of a witness for a party will be admissible at trial, subject to timely objections, and only if the declarant is present at trial, and subject to cross-examination.

2. *TIME FOR FILING DECLARATIONS AND OBJECTIONS TO DECLARATIONS:*

(a) Plaintiff shall serve and file its declaration(s) on or before Dec. 3, 1987.

(b) Defendant shall serve and file its declaration(s) and any evidentiary objections it has to plaintiff's declaration(s) on or before Dec. 17, 1987.

(c) Plaintiff shall serve and file its reply declaration(s) and any evidentiary objections it has to defendant's declaration(s) on or before Dec. 31, 1987.

(d) Defendant shall serve and file any evidentiary objections to plaintiff's reply declaration(s) on or before Jan. 7, 1988.

(e) *NO OTHER DECLARATIONS WILL BE ALLOWED.* The only additional evidence a party may offer at trial is *true* rebuttal evidence.

"agreed that their interest in the [partnership] property was their joint property."

The Judgment of Dissolution of Marriage, however, does not make any specific determination of the status of the property at issue, but states, "the following property is all of the property owned by the parties on September 16, 1979 and that property shall be disposed of as follows: ...." The Judgment then "awards" the partnership interest to Ms. Burg "as her sole and separate property." Thus, it is unclear and indeed doubtful whether the California Superior Court actually made a specific determination as to the status of the subject property, but rather entered the Judgment in accordance with the Property Settlement Agreement between Ms. Burg and the debtor. Absent a final ruling that the partnership interest was community property, the doctrines of *res judicata* and collateral estoppel would not preclude the bankruptcy court from making a determination on the issue.

Finally, even assuming that the Property Settlement Agreement in some way established the community property status of the subject property, the Property Settlement Agreement was entered into without first obtaining a modification of the automatic stay. Accordingly, such agreement is of no effect and it is doubtful that the appellant can now assert that Ms. Burg is bound by the agreement. *E.g. In re Krueger,* 88 B.R. 238, 241 (9th Cir.BAP 1988) ("acts taken in violation of the automatic stay are generally deemed void and without effect").

3. *TIME FOR FILING BRIEFS:*

If a party wishes to file a trial brief, such brief must be filed with the party's declaration(s). *NO OTHER* BRIEFS *WILL BE ALLOWED.*

4. *PRE–TRIAL ORDER:*

The parties shall file a joint pre-trial order pursuant to Local Rule 905 on or before has been filed.

IT IS SO ORDERED.

Dated: Nov. 4, 1987

/s/ BARRY RUSSELL
BARRY RUSSELL
U.S. Bankruptcy Judge