* The panel unanimously finds this case suitable for decision without oral argument. Fed.

**In re Richard J. ADAIR; Marty S. Adair, Debtors.**

**Richard J. ADAIR; Marty S. Adair, Plaintiffs–Appellants,**

v.

## SUNWEST BANK; Guardian Trust Deed Services, Defendants–Appellees.

### No. 91–55021.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 9, 1992.

Decided June 3, 1992.

R.App.P. 34(a); Circuit Rule 34–4.

James Toledano, Toledano & Wald, Irvine, Cal., for debtors, plaintiffs-appellants.

Gary Owen Caris, Frandzel & Share, Los Angeles, Cal., for defendants-appellees.

Before GOODWIN, NORRIS, and NOONAN, Circuit Judges.

PER CURIAM:

Richard Adair and Marty Adair ("the Adairs") appeal the district court's judgment affirming the bankruptcy court's grant of summary judgment to Sunwest Bank ("Sunwest") in the Adairs' suit seeking to set aside a foreclosure sale on their real property. We affirm.

## I. BACKGROUND

The Adairs' theory suing Sunwest (the lender) was that the lender's failure to disburse 100 percent of the loan proceeds caused their default and ultimate bankruptcy. They allege that Sunwest induced them to borrow $328,440 on March 30, 1982, for building improvements without advising them that $36,000 in loan points and a one-year interest reserve of $62,400 would be withheld from the loan proceeds actually disbursed.

The Adairs initially sued in Orange County Superior Court. They sought to set aside the trustee's foreclosure sale on parcels of real property that collateralized three promissory notes executed by the Adairs in favor of Sunwest for $328,440, $450,000 and $60,000.

On November 1, 1985, the Adairs filed a voluntary petition under Chapter 11 of the Bankruptcy Code and applied for removal of their lawsuit to the bankruptcy court. Sunwest obtained relief from the automatic stay pursuant to 11 U.S.C. § 362 and brought an unlawful detainer action against the Adairs in Orange County Municipal Court. After a trial, the municipal court entered judgment in favor of Sunwest. Sunwest sold the property to an unrelated third party on June 10, 1986. Subsequently, the bankruptcy court granted Sunwest's motion for partial summary judgment on the grounds that the subject property was properly sold in accordance with Cal.Civ.Code § 2924 (West 1974 & Supp.) and that title under the foreclosure sale was duly perfected.

The bankruptcy court heard the case on nine separate days over a period of six months. During the course of the trial, the court dealt with disputes concerning discovery, continuances, the manner of receiving evidence, and other issues. In this opinion, we consider only one issue, the manner of receiving evidence. All other points are disposed of by an unpublished memorandum because they are fully answered by settled law in this circuit.

At the conclusion of the trial, Bankruptcy Judge Ryan entered judgment in favor of Sunwest. Pursuant to 28 U.S.C. § 157(c)(1), which mandates that the district court review de novo the findings of the bankruptcy court in "non-core" proceedings, District Judge Letts reviewed the case. Judge Letts conducted a trial on the question whether Sunwest's failure to disburse the entire $328,440 to the Adairs proximately caused their failure to repay the loan. Judge Letts found that Sunwest's failure to deliver the entire loan proceeds to the Adairs did not proximately cause their failure to repay; he did not

decide whether Sunwest owed the Adairs any legal duty to disburse the loan proceeds as they desired. The district court then entered judgment in favor of Sunwest.

## II. DISCUSSION

The Adairs have challenged the bankruptcy court's standard procedure requiring that direct testimony be presented by written declaration. Under this procedure the parties submit written narrative testimony of each witness they expect to call for purposes of direct evidence. The witness then testifies orally on cross-examination and on redirect. The Adairs argue that this procedure violates Fed.R.Civ.P. 43(a), made applicable to bankruptcy practice by Bankruptcy Rule 9017. Rule 43(a) states that "[i]n all trials the testimony of witnesses shall be taken orally in open court, unless otherwise provided by an Act of Congress or by these rules, the Federal Rules of Evidence, or other rules adopted by the Supreme Court."

The bankruptcy court's procedure conformed to Local Rule 13.6 of the Central District.[1] It is consistent with Fed.R.Evid. 611(a), which allows the court to "exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, [and] (2) avoid needless consumption of time...." The bankruptcy court's procedure is a permissible "mode" of presenting direct testimony under Rule 611(a).

The use of written testimony "is an accepted and encouraged technique for shortening bench trials." *Phonetele, Inc. v. American Tel. & Tel. Co.*, 889 F.2d 224,

232 (9th Cir.1989) (citing *Malone v. United States Postal Serv.*, 833 F.2d 128, 133 (9th Cir.1987)), *cert. denied*, 488 U.S. 819, 109 S.Ct. 59, 102 L.Ed.2d 37 (1992). Accordingly, we have held that a district court did not abuse its discretion in accepting only declarations and exhibits on a particular issue where the parties were afforded "ample opportunity to submit their evidence." *See Vieux v. East Bay Regional Park Dist.*, 906 F.2d 1330, 1342 (9th Cir.), *cert. denied*, — U.S. ——, 111 S.Ct. 430, 112 L.Ed.2d 414 (1990).

The bankruptcy court's procedure permits oral cross-examination and redirect examination in open court and thereby preserves an opportunity for the judge to evaluate the declarant's demeanor and credibility. The procedure is essential to the efficient functioning of the crowded bankruptcy courts. *See In re Heckenkamp*, 110 B.R. 1, 4 (Bankr.C.D.Cal.1989).

We note that the Advisory Committee has proposed amending Rule 43(a) to "dispel any doubts as to the power of the court under Rule 611(a) of the Federal Rules of Evidence to permit ... that the direct examination of a witness, or a portion thereof, be presented in the form of an affidavit...."[2] Committee on Rules of Practice and Procedure of the Judicial Conference of the United States, *Preliminary Draft of the Proposed Amendments to the Federal Rules of Civil Procedure and the Federal Rules of Evidence* (proposed August 1991). Although not yet enacted, this proposal indicates that the Committee understands the present form of Civil Rule 43(a) and Evidence Rule 611(a) to authorize the use of declarations on direct examination.

---

1. Local Rule 13.6 provides: "In any matter tried to the Court, including matters in Bankruptcy, the judge, including the bankruptcy judge, may order that testimony on direct examination of a witness be presented by written narrative statements subject to cross-examination of the declarant at the trial." Rule 13.6, Local Rules of Practice, United States District Court for the Central District of California.

2. The proposed version of Rule 43(a) reads: "In all trials the testimony of witnesses shall be taken in open court, unless otherwise provided

by ... the Federal Rules of Evidence, or other rules adopted by the Supreme Court. Subject to the right of cross-examination, the court, in a non-jury trial, may permit or require that the direct examination of a witness, or a portion thereof, be presented through adoption by the witness of an affidavit signed by the witness, a written statement or report prepared by the witness, or a deposition of the witness. The contents thereof are admissible to the same extent as if the witness testified orally with respect thereto."

The Adairs rely on *In re Burg*, 103 B.R. 222 (9th Cir. BAP 1989), for the proposition that the bankruptcy court's "trial by affidavit" procedure infringed their due process rights. While the *Burg* court recognized that the declaration procedure fell within the scope of Fed.R.Evid. 611(a), it noted that the procedure raised due process concerns and ultimately excluded the declaration testimony on hearsay grounds. *Id.* at 225. The court observed that "basic notions of ... due process compel this Panel to conclude that essential rights of the parties may be jeopardized by a procedure where the oral presentation of evidence is not allowed, where the bankruptcy court's ability to gage [sic] the credibility of a witness or evidence is questionable and where rulings on objections to the admissibility of all direct evidence, may be unclear." *Id.*[3] We disagree with the *Burg* panel that the bankruptcy court's procedure raises significant due process concerns.

The primary purposes of Rule 43(a) are to ensure that the accuracy of witness statements may be tested by cross-examination and to allow the trier of fact to observe the appearance and demeanor of the witnesses. *See Carter–Wallace, Inc. v. Otte*, 474 F.2d 529, 536 (2d Cir.1972), *cert. denied*, 412 U.S. 929, 93 S.Ct. 2753, 37 L.Ed.2d 156 (1973); *Heckenkamp*, 110 B.R. at 4. *See generally* 5 J. Moore, J. Lucas, & J. Wicker, Moore's Federal Practice ¶ 43.03, at 43–12 (2nd ed. 1991).[4] In the present case, the bankruptcy judge reviewed the declarations of the witnesses prior to trial. Witness credibility initially was established through factual consistency in the declarations. The bankruptcy judge also had the opportunity to observe the declarants' demeanor and to gauge their credibility during oral cross-examination and redirect examination.

Appellants argue that the declaration procedure deprived Marty Adair of the opportunity to establish her credibility with the court in the first instance because her declaration was drafted by counsel and she thus was unable to explain things in her own words. Appellant, however, has no basis for charging the trial court with error. It was her lawyer, not the judge, who cast her declaration in legalese rather than plain English. If cross-examination revealed that Marty Adair had only a tenuous grasp of the version of events contained in a statement she signed under oath, that again is her problem and not that of the trial court.

Neither the Adairs nor Sunwest objected to the declaration testimony on the ground that it was inadmissible hearsay. Federal Rule of Evidence 801(c) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." The declarations at issue here fall literally within this definition. Even assuming the Adairs would have standing to raise a hearsay objection to their own testimony, they have failed to demonstrate any prejudice. *See* Fed.R.Evid. 103; *cf. Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 313 (7th Cir.1986) (holding that the admission of answers to interrogatories in lieu of oral testimony violated the hearsay rule but that the error was harmless).

AFFIRMED.

---

**3.** The *Burg* court nevertheless observed that there would be no Rule 43(a) or due process concerns had the parties stipulated to the use of the declaration procedure. *See* 103 B.R. at 225; *see also International Soc'y for Krishna Consciousness v. Enz*, 495 F.Supp. 373, 374 & n. 1 (D.C.Ariz.1979) (reporting the use of a similar procedure and noting that any conflict with Rule 43(a) was resolved by the parties' agreement to use the procedure).

**4.** Rule 43(a) was promulgated in response to abuses under the old equity practice of taking testimony entirely by deposition. *See* Fed. R.Civ.P. 43(a) Advisory Committee's Note to 1937 Adoption; C. Wright & A. Miller, Federal Practice & Procedure § 2407, at 329 (1971),