**In re James A. GELLER, Debtor.**

**UNION STATE BANK, Plaintiff,**

v.

**James A. GELLER, Defendant.**

**Bankruptcy No. 93–33333–BKC–SHF. Adv. No. 94–0392–BKC–RAM–A.**

United States Bankruptcy Court, S.D. Florida.

July 5, 1994.

---

Leslie Scott Osborne, Furr and Cohen, P.A., Boca Raton, FL, for plaintiff Union State Bank.

Frank P. Terzo, Coral Gables, FL, for James A. Geller, debtor.

Daniel L. Bakst, Trustee, West Palm Beach, FL.

Before A. JAY CRISTOL, Chief Judge, and ROBERT A. MARK, PAUL G. HYMAN, Jr., STEVEN H. FRIEDMAN and RAYMOND B. RAY, Bankruptcy Judges.

### EN BANC OPINION DENYING MOTION TO STRIKE FILED BY UNION STATE BANK

Union State Bank, a creditor of debtor herein, filed a complaint objecting to debtor's discharge. The adversary proceeding was filed on April 29, 1994. A pre-trial conference was set for July 12, 1994 and the proceeding was set for trial during the week of July 25, 1994. On June 23, 1994, plaintiff filed a Motion to Strike Pretrial Order as Violative of the Bankruptcy Rules of Procedure, Title 28 of the United States Code and the Due Process Clause of the 5th Amendment ("Motion to Strike"). Because the Motion to Strike attacks the validity of a standard order issued by each judge of this Court, the Motion to Strike has been reviewed by the Court en banc.

In accordance with uniform practice in the Southern District of Florida, an "Order Setting Filing and Disclosure Requirements for Pre–Trial and Trial" ("Pretrial Requirements Order") (C.P. No. 3) was entered in this proceeding on April 29, 1994. Paragraph 12 provides:

> "unless otherwise ordered, the direct testimony of all witnesses, except adverse, hostile or rebuttal witnesses, shall be presented by sworn declaration consisting of a succinct written statement of the direct testimony which that witness would be prepared to give if questions were propounded in the usual fashion at trial."

The movant has labeled this "provision 12" and argues, among other things, that it is violative of Federal Rule of Civil Procedure 43(a).

Movant cites eight cases in the motion:

1. *In re Zumbrun*, 88 B.R. 250 (9th Cir. B.A.P.1988)

2. *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972)

3. *Armstrong v. Manzo*, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965)

4. *Scherer v. Davis,* 543 F.Supp. 4 (N.D.Fla.1981)

5. *Adams v. Wainwright,* 512 F.Supp. 948 (N.D.Fla.1981)

6. *Chambers v. State of Florida,* 309 U.S. 227, 60 S.Ct. 472, 84 L.Ed. 716 (1940)

7. *South Florida Growers Association, Inc. v. United States Department of Agriculture,* 554 F.Supp. 633 (S.D.Fla.1982)

8. *Joint Anti–Fascist Refugee Committee v. McGrath,* 341 U.S. 123, 71 S.Ct. 624, 95 L.Ed. 817 (1951)

The Court has reviewed each of the eight cases. None of them support an order striking the use of declarations. In contrast to the cases movant cites, there is persuasive circuit court authority enforcing a similar trial procedure in the Ninth Circuit. *In re Adair,* 965 F.2d 777 (9th Cir.1992). Moreover, any challenge to "provision 12" is premature until the movant seeks and the Court denies a specific request to allow the use of live direct testimony of one or more witnesses in this adversary proceeding.

These respective reasons for denying the Motion to Strike are discussed below.

## I. *The Court's Order Setting Filing and Disclosure Requirements for Trial and Pretrial*

■ Paragraph 12 of the Pretrial Requirements Order begins, "unless otherwise ordered," and thus permits application to the court to utilize traditional direct testimony of *any* witness, if requested, and the court finds merit in the request. In the instant case, the pre-trial conference where issues like this one are usually discussed, is yet to take place. In this and any other proceeding, the intent of the phrase "unless otherwise ordered" is to provide flexibility and permit the use of live direct examination where appropriate. The Court cannot speculate on whether movant would be entitled to such relief here. The point is, in the absence of a request to present live testimony, which has been denied, the Motion to Strike is premature and fatally defective.

## II. *The Use of Written Declarations in Lieu of Live Direct Examination is Permissible Under the Federal Rules*

■ In a case undiscovered by the movants, *In re Burg,* 103 B.R. 222 (9th Cir. BAP 1989), the court agreed in part with movant's arguments and held that a bankruptcy court procedure similar, but not identical, to the procedure in use in the Southern District of Florida, infringed on a party's "due process" rights. This decision, however, was specifically overruled by the Ninth Circuit in *In re Adair,* 965 F.2d 777 (9th Cir.1992).

The issue is discussed in detail by Judge Barry Russell in § 611.1 of his excellent "Bankruptcy Evidence Manual" 1993 edition. Judge Russell discusses the procedure and the *Adair* opinion at length in an analysis adopted by this Court.

*1. Procedure requiring direct testimony by declaration with right of cross-examination is proper under Rule 611 and Fed. R.Civ.P. 43(a).*

Debtors appealed the district court's judgment affirming the bankruptcy court's grant of summary judgment to creditor in the debtor's suit seeking to set aside a foreclosure sale on their real property.

The debtors challenged the bankruptcy court's standard procedure requiring that direct testimony be presented by written declarations, [sic] Under this procedure the parties submit written narrative testimony of each witness they expect to call for purposes of direct evidence. The witness then testifies orally on cross-examination and on redirect. The debtors argued that this procedure violates Fed.R.Civ.P. 43(a), made applicable to bankruptcy practice by Bankruptcy Rule 9017. Rule 43(a) states that "[i]n all trials the testimony of witnesses shall be taken orally in open court, unless otherwise provided by an Act of Congress or by these rules, the Federal Rules of Evidence, or other rules adopted by the Supreme Court."

**Held:** Affirmed.

The Ninth Circuit obviously felt that approving this procedure was very important. This is clear because the court dealt with all of the other issues in an unpub-

lished memorandum and discussed only the trial procedure in its published opinion.

The Court specifically overruled *In re Burg,* 103 B.R. 222 (9th Cir. BAP 1989), which had held that the procedure infringed on a party's "due process" rights. "We disagree with the *Burg* panel that the bankruptcy court's procedure raises significant due process concerns." 965 F.2d at 780.

The Court concluded:

The bankruptcy court's procedure conformed to Local Rule 13.6 of the Central District. It is consistent with Fed.R.Evid. 611(a), which allows the court to "exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of truth, [and] (2) avoid needless consumption of time...." The bankruptcy court's procedure is a permissible mode of presenting direct testimony under Rule 611(a).

The use of written testimony "is an accepted and encouraged technique for shortening bench trials." *Phonetele, Inc. v. American Tel. & Tel. Co.,* 889 F.2d 224, 232 (9th Cir.1989) (citing *Malone v. United States Postal Serv.,* 833 F.2d 128, 133 (9th Cir.1987) *cert. denied,* 488 U.S. 819, 109 S.Ct. 59, 102 L.Ed.2d 37 (1992)). Accordingly, we have held that a district court did not abuse its discretion in accepting only declarations and exhibits on a particular issue where the parties were afforded "ample opportunity to submit their evidence." *See Vieux v. East Bay Regional Park Dist.,* 906 F.2d 1330, 1342 (9th Cir.), *cert. denied,* 498 U.S. 967, 111 S.Ct. 430, 112 L.Ed.2d 414 (1990).

The bankruptcy court's procedure permits oral cross-examination and redirect examination in open court and thereby preserves an opportunity for the judge to evaluate the declarant's demeanor and credibility. The procedure is essential to the efficient functioning of the crowded bankruptcy courts. *See In re Heckenkamp,* 110 B.R. 1, 4 (Bankr. C.D.Cal.1989).

*In re Adair,* 965 F.2d 777, 779 (9th Cir. 1992).

Russell, Bankruptcy Evidence Manual, 1993 Ed., § 611.1.

The Court finds that calling a witness to the stand, swearing the witness, having the witness swear or affirm the written declaration is his or her testimony and then turning over the witness for cross examination with right to redirect is the taking of the testimony in open court within the meaning of Fed. R.Civ.P. 43(a).

The Bankruptcy Court of the Southern District of Florida continues to try its adversary proceedings at the fastest pace in the United States in spite of a caseload twenty-five percent above the national average. The luxury of unlimited court time is no longer with us. Wasting of the Court's time by presenting undisputed testimony will only result in limiting parties in the time allowed for presentation of their case or in the inability to promptly set proceedings for trial. Neither of these alternatives is acceptable to the Court nor would they serve the interests of the litigants.

For the reasons set forth herein, it is

**ORDERED** that the Motion to Strike is denied without prejudice to movant's right to specifically request leave to present direct testimony orally in open court on any particular point or with any particular witness that requires that format for full and adequate presentation.