Ester **SAVERSON, Jr., Plaintiff,**

v.

Arthur **LEVITT, Defendant.**

**Civ. A. No. 95–0890 (CRR).**

United States District Court,
District of Columbia.

July 28, 1995.

Douglas Benjamin Huron, Stephen Chertkof, Kator, Scott & Heller, Washington, DC, for plaintiff.

Ester Saverson, Jr., Washington, DC, pro se.

William Mark Nebeker, Roderick Lynn Thomas, U.S. Attorney's Office, Washington, DC, for defendant.

**ORDER**

CHARLES R. RICHEY, District Judge.

Before the Court in the above-entitled case is the Plaintiff's Motion to Revise the Court's June 14, 1995 Scheduling Order. Upon careful consideration of the Plaintiff's Motion, the entire record herein, and the law applicable thereto, the Court shall DENY the Plaintiff's Motion.

The Court's Scheduling Order directs that

> in preparation for trial and pursuant to Rule 16 of the Federal Rules of Civil Procedure, Federal Rule of Evidence 611(a), and Local Rule 209, counsel for the Plaintiff and the Defendant shall prepare all of the direct testimony of the witnesses they intend to call in their case-in-chief that are in their control in written narrative form and shall serve the same upon opposing counsel ... that counsel shall confer in person and discuss and resolve any evidentiary objections, and then file the final versions, on three-hole punched paper, together with a witness list, with the Clerk of the Court and with Chambers ... [that] any portion of the direct testimony which remains in dispute shall be filed separately, and the Court shall resolve these disputes, if any, prior to the trial ... that the above-ordered direct testimony shall be by way of declaration, pursuant to 28 U.S.C. § 1746, or sworn written affidavit ... [and] in lieu of the usual question-and-answer form of direct examination, although full cross examination shall be permitted at trial....

Scheduling Order at 2. Plaintiff requests in her Motion to revise the Court's Scheduling Order to permit full direct testimony in the usual question-and-answer form of all parties and witnesses.

■ Plaintiff claims that requiring direct testimony by way of declaration or sworn affidavit "runs afoul of Federal Rule of Civil Procedure 43(a) and Federal Rule of Evidence 611(c) and would deprive the jury of the ability to observe the demeanor of witnesses and make essential credibility determinations." Plaintiff's Memorandum of Law in Support of Motion to Revise Scheduling

Order, at 1. Plaintiff argues that "[i]n contrast to the authorities rejecting the use of direct testimony by declaration, plaintiff's research has uncovered no precedent supporting this type of trial procedure."

As a threshold matter, the Court admonishes Plaintiff's counsel for mischaracterizing the existing case law on this subject. Had counsel merely Shepardized the cases he cites in his Memorandum in Support of the Motion to Revise the Scheduling Order, he would have discovered that *In re Burg*, 103 B.R. 222 (9th Cir. BAP 1989), one of the cases upon which he relies for the proposition that requiring direct testimony by way of declaration or sworn affidavit is improper, was explicitly rejected by the United States Court of Appeals for the Ninth Circuit in *Adair v. Sunwest Bank*, 965 F.2d 777, 780 (9th Cir.1992) (per curiam).

In *Adair*, the appellants challenged the bankruptcy court's standard procedure requiring that direct testimony be presented by written declaration. *Id.* at 779. Under this procedure the parties were required to submit written narrative testimony of each witness they expect to call for purposes of direct evidence; witnesses then testified orally on cross-examination and on redirect. *Id.* Like the Plaintiff in the instant case, the appellants argued that this procedure violated Federal Rules of Civil Procedure 43 and Federal Rules of Evidence 611 by allegedly frustrating necessary credibility determinations. The Court of Appeals rejected the appellant's contentions.

The Court of Appeals found the bankruptcy court's procedure consistent with Federal Rule of Evidence 611(a), which allows the court to "exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, [and] (2) avoid needless consumption of time...." FED.R.EVID. 611(a). It accordingly held that the bankruptcy court's procedure is a permissible "mode" of presenting direct testimony under Rule 611(a). *Id.*

As the Court of Appeals observed, "[t]he use of written testimony 'is an accepted and encouraged technique for shortening bench trials.'" *Id.* (citing *Phonetele, Inc. v.*

*American Tel. & Tel. Co.*, 889 F.2d 224, 232 (9th Cir.1989) (citing *Malone v. United States Postal Serv.*, 833 F.2d 128, 133 (9th Cir.1987)), *cert. denied*, 488 U.S. 819, 109 S.Ct. 59, 102 L.Ed.2d 37 (1992). The Court of Appeals further noted that it had previously held that "a district court did not abuse its discretion in accepting only declarations and exhibits on a particular issue where the parties were afforded 'ample opportunity to submit their evidence.'" *Id.* (citing *Vieux v. East Bay Regional Park Dist.*, 906 F.2d 1330, 1342 (9th Cir.), *cert. denied*, 498 U.S. 967, 111 S.Ct. 430, 112 L.Ed.2d 414 (1990)).

The Court of Appeals similarly rejected the appellants' contention that the bankruptcy court's procedure violated Federal Rule of Civil Procedure 43(a). Rule 43(a) states that "[i]n all trials the testimony of witnesses shall be taken orally in open court, unless otherwise provided by an Act of Congress or by these rules, the Federal Rules of Evidence, or other rules adopted by the Supreme Court." FED.R.CIV.P. 43(a). Observing that "[t]he primary purposes of Rule 43(a) are to ensure that the accuracy of witness statements may be tested by cross-examination and to allow the trier of fact to observe the appearance and demeanor of the witnesses." *Id.* at 780 (citations omitted), the Court of Appeals noted that the bankruptcy judge reviewed the declarations of the witnesses prior to trial, that witness credibility initially was established through factual consistency in the declarations, and that the bankruptcy judge also had the opportunity to observe the declarants' demeanor and to gauge their credibility during oral cross-examination and redirect examination. *Id.*

Similar to the challenged procedure in the instant case, the bankruptcy court's procedure permitted oral cross-examination and redirect examination in open court and thereby preserved an opportunity for the fact finder to evaluate the declarant's demeanor and credibility. *Id.* Finally the Court of Appeals noted that the Advisory Committee has proposed amending Rule 43(a) to "dispel any doubts as to the power of the court under Rule 611(a) of the Federal Rules of Evidence to permit ... that the direct examination of a witness, or a portion thereof, be presented in the form of an affidavit...." Committee on Rules of Practice and Proce-

dure of the Judicial Conference of the United States, Preliminary Draft of the Proposed Amendments to the Federal Rules of Civil Procedure and the Federal Rules of Evidence (proposed August 1991).[1] "Although not yet enacted," the Court of Appeals observed, "this proposal indicates that the Committee understands the present form of Civil Rule 43(a) and Evidence Rule 611(a) to authorize the use of declarations on direct examination." *Id.* at 780.

Finding the bankruptcy court's procedure essential to the efficient management of a crowded docket, the Court of Appeals upheld its use, squarely rejecting the appellants' reliance on *In re Burg* for the proposition that "the bankruptcy court's 'trial by affidavit' procedure infringed their due process rights." *Id.* Plaintiff's reliance on *In re Burg* is accordingly misplaced.

Plaintiff also misconstrues the other cases upon which she relies. *Traylor v. Husqvarna Motor,* 988 F.2d 729 (7th Cir.1993), involved the decision of the trial court to permit a defense witness to give live direct testimony, but to be cross-examined on videotape since he would be unavailable for the next day of trial, and to thereafter show the videotape to the jury. Judge Posner, writing for the Court opined:

> Although we have no objection to videotaped testimony and do not believe that the fact that this witness's direct testimony was live and his cross-examination taped was a reversible error, we do think this sort of "dual media" testimony is generally, and was in this instance, a bad idea. Psychologists and decision theorists point out, what is anyway common sense, that a living person generally conveys a stronger impression than does his resume, or a transcript of his remarks.... [The defendant] was able to give artificially greater salience to the part of his examination that favored [it] than that to the part that favored its opponent. There was a thumb on the scale. It should be removed in the

retrial [which was required on other grounds].

988 F.2d at 734. The basis of Plaintiff's reliance on *Traylor* is unclear. While the parties in the instant case are required to reduce direct testimony to writing, witnesses will still be allowed to orally testify in person; they will only be bound in direct by the content of their written submissions. The instant case does not, therefore, produce the sort of "dual media" testimony the Seventh Circuit counseled against.

Plaintiff similarly misconstrues *Walton v. United Consumers Club, Inc.,* 786 F.2d 303 (7th Cir.1986). In *Walton,* the Seventh Circuit ruled that the trial court's admission of answers to interrogatories in lieu of live direct testimony violated Rule 43(a), even though the trial court allowed cross examination. Here, Plaintiff and her witnesses will be allowed to testify orally. Unlike the substitution of interrogatories for direct testimony at issue in *Walton,* the challenged Order in the instant case governs not the method of presentation but rather the content of what is being presented. Accordingly, *Walton* is inapposite.

Plaintiff's reliance on *United States v. American Telephone and Telegraph Co.,* 83 F.R.D. 323 (D.D.C.1979) (Greene, J.), in which the Court rejected the government's request that "the Court order the parties to reduce the testimony of their witnesses to writing and to refuse to permit them to testify orally except on cross examination," *id.* at 339, is similarly misplaced. There the request at issue would have barred personal testimony altogether, save for cross-examination. The instant case involves no such limitation. Further, the *A.T. & T.* court did not preclude the use of written testimony in lieu of oral testimony, but rather went on to note that it would allow the parties, by agreement, to reduce some testimony to writing in advance of trial and to submit the same to the court and to opposing counsel for trial preparation and cross examination. *Id.* at 340.

---

**1.** The proposed version of Rule 43(a) reads: "In all trials the testimony of witnesses shall be taken in open court, unless otherwise provided by ... the Federal Rules of Evidence, or other rules adopted by the Supreme Court. Subject to the right of cross-examination, the court, in a nonjury trial, may permit or require that the direct examination of a witness, or a portion thereof, be presented through adoption by the witness of an affidavit signed by the witness, a written statement or report prepared by the witness, or a deposition of the witness. The contents thereof are admissible to the same extent as if the witness testified orally with respect thereto."

Accordingly, *A.T. & T* does not proscribe the giving of testimony by affidavit as Plaintiff suggests.

In sum, the purported absence of authority approving the use of such a procedure is belied by *Adair*, while the authority Plaintiff claims disapproves of such is either misconstrued or inapposite. Requiring the parties to submit their direct testimony in writing in lieu of the usual question-and-answer form is sanctioned under the inherent powers of the Court, the Federal Rules of Civil Procedure and the Federal Rules of Evidence. *See* Richey, *A Modern Management Technique for Trial Courts to Improve the Quality of Justice: Requiring Direct Testimony to be Submitted in Written Form Prior to Trial,* 72 Geo.L.J. 73, 74 (1983). Accordingly, it is, by the Court, this 28th day of July, 1995

ORDERED that the Plaintiff's Motion to Revise the Scheduling Order shall be, and hereby is, DENIED; and it is

FURTHER ORDERED that the Court's June 14, 1995 Scheduling Order shall remain in full effect; and it is

FURTHER ORDERED that the Clerk of Court shall be, and hereby is, directed to telephone counsel for the parties and to inform them of the contents of this Order.