**In re: Ram KUNWAR and Kamalgit Kunwar, Debtors.**

---

**Ram Kunwar and Kamalgit Kunwar, Appellants,**

v.

**Sarwan Birring; et al., Appellees.**

Nos. 02–15673, EC–01–01229–HRYMO.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 7, 2002.*

Decided Oct. 16, 2002.

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

MEMORANDUM**

Involuntary Chapter 7 debtors Ram and Kamalgit Kunwar appeal pro se the Bankruptcy Appellate Panel's ("BAP") decision affirming a bankruptcy court judge's findings and order in favor of creditors following a three-day trial in the creditors' adversary proceeding against the Kunwars. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We affirm.

We independently review the bankruptcy court's decision. *In re Vortex Fishing Sys., Inc.,* 277 F.3d 1057, 1064 (9th Cir. 2002). We review for clear error the bankruptcy court's factual findings under 11 U.S.C. § 303 that the Kunwars' claims were not subject to a "bona fide dispute," and that the Kunwars are generally not paying their debts as they come due. *Id.* at 1069, 1072.

Contrary to the Kunwars' contentions, the bankruptcy court did not clearly err by finding that there was no legitimate dispute as to the Kunwars' liability on the creditors' breach of fiduciary duty and wage claims. *See id.* at 1064–65 (stating that "a bankruptcy court is not asked to evaluate the potential outcome of a dispute, but merely to determine whether there are facts that give rise to a legitimate disagreement over whether money is owed").

In determining that the Kunwars were not paying off their debts as they became due, the bankruptcy court relied on evidence of several foreclosures, evidence of unpaid loans, evidence that the Kunwars were running a "shell game," and the Kunwars own assertions that they were unable to pay their bills. Under the "totality of the circumstances," the bankruptcy court did not clearly err by finding that the Kunwars were not paying their debts. *See id.* at 1072.

Finally, Eastern District of California Bankruptcy Local Rule 9017–1, requiring that direct testimony be presented by written declarations, does not violate due process. *See Adiar v. Sunwest Bank (In re Adiar),* 965 F.2d 777, 780 (9th Cir.1992).

We are unpersuaded by the Kunwars' remaining contentions.[1]

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument, and denies the Kunwars' request for oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. We do not consider contentions raised for

the first time on appeal. *See Int'l Union of Bricklayers & Allied Craftsman Local Union No. 20 v. Martin Jaska, Inc.*, 752 F.2d 1401, 1404 (9th Cir.1985).

