**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 20 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THOMAS INVESTMENT PARTNERS, LTD.; et al., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant - Appellee. | No. 09-55638 <br><br> D.C. No. 2:06-cv-07376-JFW-RZ <br><br> MEMORANDUM[*] |
| THOMAS DIVISION PARTNERSHIP, L.P.; et al., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant - Appellee. | No. 09-55639 <br><br> D.C. No. 2:06-cv-07374-JFW-RZ |
| THOMAS MASTER INVESTMENTS, L.P.; et al., | No. 09-55641 <br><br> D.C. No. 2:06-cv-07377-JFW-RZ |

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Circuit Rule 36-3.

Plaintiffs - Appellants,

v.

UNITED STATES OF AMERICA,

Defendant - Appellee.

HUNTINGTON/FOX INVESTMENTS, L.P.; et al.,

Plaintiffs - Appellants,

v.

UNITED STATES OF AMERICA,

Defendant - Appellee.

No. 09-55642

D.C. No. 2:06-cv-07380-JFW-RZ

MAGUIRE PARTNERS MASTER INVESTMENTS, LLC and MAGUIRE PARTNERS, INC., as Tax Matters Partner,

Plaintiffs - Appellants,

v.

UNITED STATES OF AMERICA,

Defendant - Appellee.

No. 09-55650

D.C. No. 2:06-cv-07371-JFW-RZ

Appeal from the United States District Court

for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted July 11, 2011
Pasadena, California

Before: FERNANDEZ, RYMER, and TALLMAN, Circuit Judges.

Plaintiffs - Appellants appeal the district court's judgment in favor of the United States after a consolidated bench trial on their respective challenges to final partnership administrative adjustments ("FPAA") the IRS issued to each for tax years 2001 and 2002. 26 U.S.C. § 6226. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

## I

The district court did not abuse its discretion in admitting evidence demonstrating that the transactions at issue were Arthur Andersen proprietary tax products. *Sochin v. Comm'r*, 843 F.2d 351, 355 (9th Cir. 1988) ("We review the trial court's decision to admit or exclude evidence based on the issue of relevancy for an abuse of discretion."), *abrogated on other grounds by Landreth v. Comm'r*, 859 F.2d 643, 648–49 (9th Cir. 1988), *as recognized by Keane v. Comm'r*, 865 F.2d 1088, 1092 n.8 (9th Cir. 1989). Such evidence is highly relevant to the

---

[1] The parties are familiar with the facts of the case so we do not repeat them here.

resolution of both factors of the economic substance inquiry applied by the court in this case. *Goldberg v. United States*, 789 F.2d 1341, 1344 (9th Cir. 1986); *Karme v. Comm'r*, 673 F.2d 1062, 1064 (9th Cir. 1982); *accord Stobie Creek Invs., LLC v. United States* (*Stobie I*), 82 Fed. Cl. 636, 658–59 (2008), *aff'd*, 608 F.3d 1366 (Fed. Cir. 2010) (*Stobie II*).

Neither did the court abuse its discretion by requiring that the parties submit their direct testimony by declaration. *FTC v. Enforma Natural Prods., Inc.*, 362 F.3d 1204, 1212 (9th Cir. 2004) ("We review issues relating to the district court's management of trial for abuse of discretion."). The practice is explicitly authorized by Local Rule 43-1 of the Central District of California, and we have previously approved of its use in other cases. *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1094–95 (9th Cir. 1999) (en banc) (citing *In re Adair*, 965 F.2d 777, 779 (9th Cir. 1992), with approval).

Neither did the court abuse its "broad discretion" by consolidating the Appellants' largely identical cases. *Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008). The court appropriately determined that "the saving of time and effort consolidation would produce" outweighed "any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984) (citing Fed. R. Civ. P. 42(a)); *see United States v. Howard*, 480 F.3d 1005,

4

1012 (9th Cir. 2007) ("We traditionally assume that judges, unlike juries, are not prejudiced by impermissible factors." (citation omitted)).

We also reject Appellants' claim that the court "ignored" their evidence and thereby abused its discretion. The record convinces us that the court appropriately considered the evidence Appellants offered both at trial and by post-trial filings and simply resolved the disputed facts in the Government's favor. Appellants' disagreement with that resolution, without more, does not establish reversible error. *See Casebeer v. Comm'r*, 909 F.2d 1360, 1365 (9th Cir. 1990) (rejecting the taxpayer's claim that the court erred by not crediting his testimony because, while "such testimony [wa]s necessary 'to prove that he had a bona fide profit motive,' there is no requirement that the tax court believe him").

Finally, we agree with the court's conclusion that Appellants were not legally entitled to a jury trial. Suits filed against the United States must strictly comport with the terms under which sovereign immunity has been waived. *Lehman v. Nakshian*, 453 U.S. 156, 160–61 (1981). In authorizing FPAA suits, Congress expressly provided that such suits "be tried by the court without a jury." *Compare* 28 U.S.C. § 2402, *with* 26 U.S.C. § 6226 (FPAA cause of action), *and* 28 U.S.C. § 1346(e) (jurisdiction for § 6226 suits). Appellants' attempt to recast their claims as "action[s] in the nature of a refund" in order to fall within the jury trial

5

provision of § 2402 is contradicted not only by the clear terms of § 1346(e), but by the jurisdictional statement each pled in their respective complaints.

## II

We likewise find no error in the district court's conclusion under the economic substance doctrine that Appellants' transactions were legal shams. *Sacks v. Comm'r*, 69 F.3d 982, 986 (9th Cir. 1995) (reviewing de novo the legal standards applied and the court's application of the law to the facts, but reviewing the court's factual findings for clear error).

First, the court appropriately considered (1) whether Appellants demonstrated that either of the principals directing their respective transactions had a business purpose for engaging in the transaction other than tax avoidance and (2) whether either transaction had economic substance beyond the creation of tax benefits. *Casebeer*, 909 F.2d at 1363 (quoting *Bail Bonds by Marvin Nelson, Inc. v. Comm'r*, 820 F.2d 1543, 1549 (9th Cir. 1987)); *see id.* (rejecting the argument that both inquiries must be concluded against the taxpayer "in order to hold that a transaction is a sham"). Further, in evaluating the legal import of "economic substance," it correctly considered whether the transactions were "likely" to produce a non-tax economic benefit. *Id.* at 1365 (citation omitted); *see Knetsch v. United States*, 364 U.S. 361, 366 (1960) (concluding that a transaction was a sham

6

because it "did not appreciably affect [the taxpayer's] beneficial interest except to reduce his tax" (internal quotation marks omitted) (citation omitted)); *Stobie II*, 608 F.3d at 1377 ("[Transaction] lacked economic reality . . . [because] there was no reasonable possibility that the FXDOTs would return a profit.).

Second, we find no error, let alone clear error, in any of the court's factual determinations. *Sacks*, 69 F.3d at 986. We reject Appellants' overstated contention that "the real world refutes the Government's case." The other price quotes Appellants received did not contemplate inclusion of the return-minimizing "Asian-style feature," a material distinction. Moreover, the fact that Appellants must rely on a market downturn that occurred nearly seven years after they entered into their transactions to show that their call-option spread transactions *would ever* have conferred a real-world benefit only bolsters the Government's position. It underscores the district court's determination that the transactions were "extremely unlikely" to confer a non-tax economic benefit on Appellants. *See, e.g.*, *Casebeer*, 909 F.2d at 1365.

Finally, we conclude that the court appropriately applied the law to the facts. *Sacks*, 69 F.3d at 986. The evidence demonstrated that the transactions were extremely unlikely to confer a non-tax benefit and that both principals engaged in the transactions solely to create tax benefits. As such, the transactions amounted to

7

legal shams, and the FPAAs were appropriate. *Stobie II*, 608 F.3d at 1375 ("The economic substance doctrine seeks to distinguish between structuring a real transaction in a particular way to obtain a tax benefit, which is legitimate, and *creating* a transaction to generate a tax benefit, which is illegitimate.").

### III

Because we affirm the district court's conclusion that the Appellants' transactions were legal shams under the economic substance doctrine, we do not reach the merits of its alternative holdings.[2]

**AFFIRMED**.

---

[2] Appellants waived their right to challenge the district court's amended determination that a 20% negligence penalty should apply by not adequately contesting that determination in their opening briefs. *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues . . . not supported by argument are deemed abandoned.").